254 So.2d 493 (1971)
Gene HIDALGO, Plaintiff and Appellant,
v.
GENERAL FIRE & CASUALTY COMPANY et al., Defendants and Appellees.
No. 3643.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1971.
*494 A. Bruce Rozas and J. Daniel Rivette, Mamou, for plaintiff-appellant.
Dubuisson & Dubuisson, by: James G. Dubuisson, Opelousas, for defendants-appellees.
Before FRUGÉ, CULPEPPER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
This is a workmen's compensation case. Plaintiff alleges that while in the course and scope of his employment as a bus driver, "he was injured in the following manner: By being stricken by a severe attack of infectious hepatitis." Defendant filed a motion for summary judgment supported by (1) an affidavit of a physician expressing an opinion as to the nature of hepatitis and how it is contracted, and (2) the deposition of the plaintiff as to the incident in question. The plaintiff filed no opposing affidavits or other documents. The district judge sustained defendant's motion for summary judgment and dismissed plaintiff's suit. Plaintiff appealed.
The issues on appeal are: (1) Is the affidavit of the physician, which states only the affiant's opinion, admissible in support of a motion for summary judgment? (2) Is summary judgment appropriate in this case?
The relevant allegations of plaintiff's petition are:
"2.
Plaintiff was employed by GREYHOUND as an operator, and on or about February 15, 1969, while plaintiff was driving a bus, he was injured in the following manner: by being stricken with a severe attack of infectious hepatitis.
"3.
This accident resulted in a continuing and chronic severe case of hepatitis which has resulted in hospitalization at the time of the injury and which has resulted in hospitalization on various occasions since that date and has resulted in having to employ serious and extreme measures of medical treatment including the continued use of the drug cortisone, together with aggravations and/or precipitations, and/or manifestations of *495 pre-existing but non-disabling predispositions or conditions, such as degenerative changes, congenital conditions, et cetera, including injuries and damages to plaintiff's psyche, nervous system and other systems of the body."
In his deposition plaintiff states that he frequently drove a bus from Lafayette to New Orleans and many of his passengers were on their way to the Charity Hospital in New Orleans with diseases of various kinds. However, he did not know that any of these passengers had hepatitis. On February 14, 1969, he drove a bus from Lafayette to Baton Rouge and on his return to Lafayette felt sick and asked the dispatcher to take him off the driving list for the next day. He described his symptoms to another driver who had hepatitis 12 or 15 years ago, and he told plaintiff that he might have hepatitis. Plaintiff's wife made an appointment for him to see the doctor at 9:00 a. m. the next day, February 15, 1969. However, at about 1:30 a. m. on February 15, the dispatcher called plaintiff and told him he would have to drive a bus that day to New Orleans. Plaintiff left Lafayette about 3:45 a. m., drove the bus to New Orleans and returned to Lafayette about 3:30 p. m. During this trip he felt progressively worse and immediately on his return went to the hospital at about 5:00 p. m. The doctor in the hospital later diagnosed hepatitis. Plaintiff states that he has been sick ever since and has been unable to work.
In support of their motion for summary judgment defendants also filed an affidavit of Dr. Dudley Bienvenue, a specialist in internal medicine in Opelousas. He states "that he is thoroughly familiar with the physical ailment of humans known as hepatitis; that hepatitis is a disease of the liver which is caused by the introduction into the system of a virus which may be typed either A or B; that type A is what is known as acute infectious hepatitis and is generally transmitted by the intestinal anal route; that type B is what is called homologous serum hepatitis and is transmitted by blood transfusions or by contact through a break in the skin with blood from a carrier of the disease; that there is absolutely no connection between trauma and the contraction of hepatitis; that nothing connected with the duties of operating a motor bus as a public carrier or persons for hire can be the cause of contracting hepatitis, even the transporting of passengers who are infected with hepatitis, unless contractions occurred as described above in the methods by which one may contract either type A or B hepatitis; that hepatitis does not fall in any of the following categories, to wit:" Then follows a list of the occupational diseases from LSA-R. S. 23:1031.1, B.
The first issue is whether the affidavit of Dr. Bienvenue should be considered in support of the motion for summary judgment. LSA-C.C.P. Article 967 provides that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and * * *." (Emphasis supplied.) Plaintiff contends that under the language of the statute only "facts" known to the affiant on "personal knowledge" may be considered in such an affidavit. He argues that the affidavit in question states only the opinion of an expert based on his special training and experience, rather than on personal knowledge. He points out that Dr. Bienvenue did not see the plaintiff and has no knowledge of his condition from personal observation.
The question is apparently res nova in the jurisprudence of Louisiana. However, federal jurisprudence under Federal Rule 56(e) is established that statements in affidavits as to opinion or belief do not meet the requirement of personal knowledge, G. B. Searle & Co. v. Charles Pfizer & Co., 231 F.2d 316 (7th Cir. 1956); F. A. R. Liquidating Corp. v. Brownell, 209 F.2d 375 (3rd Cir.); Kern v. Tri-State Insurance Co., 386 F.2d 754 (8th Cir. 1968); Barron & Holtzoff, Federal Practice & Procedure, § 1237. The rationale of this rule is that a statement by an affiant as to *496 his mere opinion or belief is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits.
A strict construction of LSA-C. C.P. Article 967 requires that statements of opinion in these affidavits be excluded. The article requires that the affidavits (1) shall be made on personal knowledge and (2) shall set forth such facts as would be admissible in evidence. In the law of evidence "personal knowledge" means something which the witness actually saw or heard, as distinguished from something he learned from some other person or source. The purpose of the requirement of "personal knowledge" in Article 967 is to limit the affidavits to facts which the affiant saw, heard or perceived with his own senses. The mere opinion of an expert witness, based solely on his special training and experience, is not based on "personal knowledge", as this term is used in Article 967.
Of course, the opinions of experts are admissible in evidence and hence that requirement of Article 967 is met. However, the first requirement must also be met, i. e., the affidavit must be based on personal knowledge. It would not be logical to hold that in the case of expert opinions the requirement of personal knowledge be ignored. If the drafters of Article 967 had intended that the only requirement be admissibility in evidence, then they could easily have omitted the requirement of personal knowledge.
We conclude that the affidavit of Dr. Bienvenue is not based on his personal knowledge, but is, instead, a statement of opinion based solely on his training and experience as a physician. The affidavit cannot be considered in support of defendant's motion for summary judgment.
Since the physician's affidavit cannot be considered, there are genuine issues of material fact which must be determined in a trial on the merits, LSA-C.C.P. Article 966. Plaintiff alleges that while driving the bus on or about Feburary 15, he either contracted infectious hepatitis or aggravated pre-existing hepatitis. It is apparent that a serious issue will be whether there was an accident within the meaning of our Workmen's Compensation Law. See the general discussion of bacterial diseases in Malone, Louisiana Workmen's Compensation Law & Practice, 1964 pp., § 219. Perhaps the most serious question is whether the activities described in plaintiff's deposition constituted an accident which aggravated pre-existing hepatitis. On this issue plaintiff relies on Vidrine v. New Amsterdam Casualty Co., 137 So.2d 666 (La.App. 3rd Cir. 1962). Without expert opinion as to the nature of infectious hepatitis and the manner in which it is contracted or aggravated, the court cannot determine these factual issues.
Supporting out decision is the jurisprudence that the burden is upon the mover for a summary judgment to show there is no genuine issue of material fact, and all doubts are resolved against granting the motion and in favor of a trial on the merits, Duhon v. Boustany, 239 So.2d 180 (La.App. 3rd Cir. 1970) and the authorities cited therein.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. Costs in the lower court will await a final determination of the case. Costs of this appeal are assessed against the defendant appellee.
Reversed and remanded.