343 So.2d 736 (1976)
Hoyle T. McWHINEY, Individually and as Administrator of the Estates of his minor children; and as Curator, et ux., Plaintiffs-Appellants,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees.
No. 13125.
Court of Appeal of Louisiana, Second Circuit.
February 14, 1976.
Rehearing Denied March 21, 1977.[*]
Writ Refused May 26, 1977.
Edwards, Stefanski & Barousse by Nolan J. Edwards, Homer Ed Barousse, Jr., Crowley, *737 for Hoyle T. McWhiney and Jennie Rambin McWhiney, plaintiffs-appellants.
Blanchard, Walker, O'Quin & Roberts by Joseph W. Milner, Wm. Timothy Allen, III, Shreveport, for Braswell Ind., Inc.; Travelers Ins. Co., Larry Dandridge, Morris J. Gulledge, John B. Howell, Byron Braswell, Jr., and Mary Leahy, defendants-appellees.
Booth, Lockard, Jack, Pleasant & LeSage by Henry A. Politz, Shreveport, for J. B. Stevens and Billy M. Rowell, defendantsappellees.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied March 21, 1977.[*]
JONES, Judge.
Plaintiffs appeal from a decision of the trial court which granted defendants' Motion for a Summary Judgment and dismissed plaintiffs' case with prejudice. We reverse and remand.
Patrick L. McWhiney was found dead in his parked automobile on August 13, 1975, on a rural road in Caddo Parish. He had been employed by Braswell Industries, Inc., from March, 1974 until his death. Following discovery of his body, and autopsy was performed by the Parish Coroner, Dr. Willis P. Butler, Sr.
Suit was filed on October 30, 1975 by decedent's mother, individually, and his father, individually, and as administrator of the estates of his minor children (decedent's siblings), and curator of an interdicted child. The suit asserted a workmen's compensation claim against decedent's employer, Braswell, and its insurance carrier, Travelers Insurance Company. It also stated a tort action against seven supervisory or managerial employees of Braswell, claiming these employees breached their duty to protect decedent from hazardous and dangerous working conditions. When defendants excepted to the improper cumulation of the actions, plaintiffs amended their petition to exclude their workmen's compensation claim.[1]
Defendants moved for Summary Judgment and in support of the motion attached Dr. Butler's deposition, his affidavit, and the affidavit of Braswell's administrative manager. Plaintiffs did not file opposing affidavits.
The trial court found, based upon the affidavits and deposition submitted, that the cause of death was carbon monoxide inhalation which could not be causally related to decedent's employment and granted defendants' motion for a summary judgment. We find the summary judgment was improperly granted.
The administrative manager's affidavit stated only that decedent had not been at work for five days prior to his death.
In his affidavit Dr. Butler states, in part:
"* * * [U]pon investigation of the essential facts concerning the circumstances of the death and history of the case, his opinion was that the cause of death of Patrick L. McWhiney was due to . . the infiltration by imbibition of the entire lungs with carboxyhemoglobin (CO), or the consolidation of mineral dust in the lungs and
"That on the basis of the above examination and autopsy of the deceased, Patrick L. McWhiney, his education and experience as a forensic pathologist and as Coroner of Caddo Parish, and his investigation of the essential facts and circumstances concerning the death and history of the case . . . it is the opinion of deponent that the above said causes of death as diagnosed by him . . . cannot be causally related or connected to the employment of the said Patrick L. McWhiney. . . ."
Dr. Butler's affidavit in support of the motion cannot be considered in its entirety. Dr. Butler has no personal knowledge concerning the facts surrounding decedent's employment, or conditions or hazards of the employment to which decedent might have been exposed, nor does he have any personal knowledge concerning the facts or *738 circumstances surrounding decedent immediately prior to and at the time of his death. Since LSA-C.C.P. Art. 967[2] requires personal knowledge of the facts as a basis of a supporting affidavit, Dr. Butler's opinion as to the absence of a causal relationship between decedent's work and his death cannot be considered in support of defendants' motion.
As stated in Hidalgo General Fire and Casualty Company, 254 So.2d 493 (La.App., 3d Cir. 1971):
"* * * In the law of evidence `personal knowledge' means something which the witness actually saw or heard, as distinguished from something he learned from some other person or source. The purpose of the requirement of `personal knowledge' in Article 967 is to limit the affidavits to facts which the affiant saw, heard or perceived with his own senses. The mere opinion of an expert witness, based solely on his special training and experience, is not based on `personal knowledge', as this is used in Article 967." Id. p. 496
That portion of an affidavit not based on personal knowledge should not be considered by the trial court in deciding a motion for summary judgment. Warden v. Southwest Louisiana Hospital Association, 300 So.2d 590 (La.App., 3d Cir. 1974).
Further, a careful reading of Dr. Butler's deposition reflects there exists an issue of material fact as to the cause of death. In his deposition, Dr. Butler discusses how he arrived at the determination of decedent's cause of death. Although he diagnosed the death as caused by either carbon monoxide poisoning or the consolidation of mineral dust in decedent's lungs, he admits his diagnosis is not supported by the lab tests. He explained by use of the term mineral dust he meant iron crystals which were probably present in the blood but stated the lab tests showed no indication of either carbon monoxide or iron crystals. He admits the carbon monoxide, if this was the cause of death, was not necessarily inhaled and he doesn't know where it came from. He also stated not all laboratory tests had been performed,[3] and his opinion that the cause of death was carbon monoxide poisoning was rendered ". . . because I had nothing else to fall back on. . . ." He admitted the overall autopsy examination had not been as thoroughly performed as he might wish:
"Frankly, I am extremely embarrassed to have to make such a report as this. Now, if I had the benefit before autopsy was done of a report from the investigators I don't know what it would be but there might have been some other procedures we could have followed but in this case all we had was a body and the general appearance of it that I have seen so many times never anything except one of those poisons [i. e., carbon monoxide or cyanide] due to the color of monoxide and I arrived at that conclusion which I can'tI am not backed up in it."
* * * * * *
"* * * I am frankly ashamed to have to report such an inefficient or incomplete type of report because I, in my mind, I'd summarize it by saying that I have no doubt in my mind that there might have been other causes of death. . ." (emphasis added)
As to plaintiffs' contention that the death could have been caused by silicosis from decedent having inhaled cement dust at work, Dr. Butler initially explained that the term mineral dust as used in his autopsy report referred to iron crystals. When *739 asked if there was evidence of silica, he stated he didn't know what the particles present in the lungs were. His basis for stating they were iron was not based on a specific test, but on the way in which the tissue samples took a stain. Again, he admitted this opinion was not supported by the lab tests. He states in the deposition that he didn't think the mineral dust related to the cause of death, and yet in his affidavit he gave as an alternative cause of death ". . . the consolidation of mineral dust in the lungs. . . ."
The test as to the presence of an issue of fact has been stated by the Louisiana Supreme Court in Odom v. Hooper, 273 So.2d 510 (La.1973):
"* * * All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. . . . It is well settled that a motion for summary judgment is not to be used as a substitute for trial. If there is any doubt concerning an absence of dispute as to a material fact, a motion for summary judgment must be denied and the matter resolved in favor of trial on the merits. . . ." (Citations omitted; emphasis added) Id. p. 515
While plaintiffs may not rest on the mere allegations of their pleadings to counter defendants' affidavits and deposition, it is incumbent upon defendants to show there is no doubt that at least one material fact, necessary for plaintiffs to prevail on the merits, has been established adversely to plaintiffs. While the facts as reflected in defendants' deposition and affidavits seem to make it more probable that defendants will be successful in their defense of this action, we cannot say plaintiffs will not be able to establish the essential elements necessary to their cause of action. As explained in Warden v. Southwest Louisiana Hospital Association, supra:
"* * * The fact that a litigant is unlikely to prevail on the merits; that there is little or no likelihood of successful prosecution; or that a trial judge has grave doubt that a case can be proved by a preponderance of the evidence is not sufficient to sustain a motion for summary judgment. . . . The burden of proof at a hearing on a motion for summary judgment is upon those making the motion to prove that there is no genuine issue of fact. At the hearing in this case, it was not incumbent on plaintiffs to prove their case but merely to show that there was a disputed material fact. (Citations omitted)
* * * * * *
"* * * While plaintiffs in the present litigation may have a difficult case, they are entitled to their day in court. . .." Id. pp. 594, 595.
In summary, we feel defendants have neither established the cause of decedent's death nor negated a causal connection between the death and decedent's employment to the extent that there is an absence of any doubt as to a dispute concerning these material facts, and therefore defendants are not entitled to judgment as a matter of law. Summary judgment is not appropriate in this case.
For the foregoing reasons, we reverse the decision of the trial court and remand this case for further proceedings.
Reversed and remanded.
Costs below and here on the issue of summary judgment are assessed against defendants.
NOTES
[*] Bolin, J., took no part in en banc denial of rehearing.
[1] Plaintiffs brought the workmen's compensation action in a separate proceeding. See McWhiney v. Travelers, 343 So.2d 740 (La.App., 2d Cir. 1977).
[2] "Art. 967. Same; affidavits

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ." (emphasis added)
[3] Decedent died on August 13, 1975, and the autopsy was performed shortly thereafter. At the date of the deposition, February 24, 1976, all of these tests had not yet been made. The affidavit on April 6, 1976 does not indicate whether these tests had yet been made or what the results might have been.