403 So.2d 810 (1981)
Maurice Joseph REDMOND and Mary Jean Parker Redmond, Plaintiffs-Appellants,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, Pennsylvania, Defendant-Appellee.
No. 14594.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1981.
*811 Blackwell, Chambliss, Hobbs & Henry by Larry Arbour, West Monroe, for plaintiffs-appellants.
Hayes, Harkey, Smith & Cascio by Joseph D. Cascio, Jr., Monroe, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
PRICE, Judge.
Plaintiffs, Maurice Joseph Redmond and his wife Mary, appeal a district court judgment dismissing their suit against the National Union Fire Insurance Company, the "errors and omissions" insurer for the insurance agency of McKenzie & Mouk, Inc. After deciding that plaintiffs had failed to prove a negligent omission on the part of McKenzie & Mouk in failing to renew plaintiffs' fire insurance policy, the district court granted defendant's motion for a directed verdict. For the reasons hereinafter assigned, the judgment appealed is affirmed.
Redmond's relationship with McKenzie & Mouk began in 1972 when he first obtained a policy covering his home through the agency. Redmond also obtained insurance through McKenzie & Mouk covering his vehicles and various rental properties owned by him. One of the properties so insured was a house located at 408 Washington Street in West Monroe, Louisiana.
On September 19, 1979, Redmond received the following letter dated September 17 from McKenzie & Mouk:
Dear Mr. Redmond:
This is to advise you that the insurance we now write on your dwelling at 408 Washington, West Monroe, Louisiana expires on October 26, 1979. The premium to renew this policy for $19,000 will be $181.00 for another year.
Please come by our office before October 26, 1979 to make full payment. Also, our accounting department shows a balance of $14.00 which must be cleared up before October 26, 1979.
Please come by and take care of this before the expiration date so we can renew without lapse in coverage.
Yours truly,
MCKENZIE & MOUK, INC.
Redmond testified that his business associate, Mrs. Evelyn Lee called his attention to the letter immediately upon opening it. Redmond telephoned the agency to inquire as to why his policy limits were being increased from $16,000 to $19,000. Redmond testified that he was transferred to three different ladies at the agency who he could not name. He was informed by the last unnamed lady that his increased policy limits were due to the rising price of building materials. After hearing this explanation, Redmond "told them to go ahead with the increase on the policy."
Redmond made no payment to McKenzie & Mouk and had no further communication with them before November 12, 1979. On that day the house at 408 Washington was damaged by fire. When plaintiff called McKenzie & Mouk to report the loss, he was informed that his insurance policy on that property had expired by its own terms on October 26, 1979. This suit followed in March 1980.
Plaintiffs contend the trial court improperly granted the motion for directed verdict in that they had made out a prima facie case of negligence on the part of McKenzie & Mouk. Plaintiffs contend that through the years of doing business with McKenzie & Mouk a method of paying premiums only upon receipt of an invoice had been established. In view of this fact, plaintiffs contend they were reasonable in assuming after the telephone conversation of September 19 that their insurance would be renewed and they would be billed later. Plaintiffs further contend that the letter from McKenzie & Mouk dated September 17, 1979, was merely a solicitation to continue handling plaintiffs' insurance needs.
*812 The applicable law was stated in Porter v. Mutual Insurance Company, 357 So.2d 1234 (La.App.2d Cir. 1978), wherein this court cited the obligation of an insurance agent to use reasonable diligence in attempting to procure or renew insurance requested by a client:
In order to recover for loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove: (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) the actions of the agent warranted an assumption by the client that he was properly insured.
Plaintiff testified that he began doing business with McKenzie & Mouk by making monthly premium payments of $40.00. He would occasionally receive an invoice for past due amounts but continued payments of $40.00 per month "would catch up with it over a period of time." Although plaintiff increased his payments to $50.00 per month at one time in an effort to keep his payments current, he often received invoices for past due balances. Plaintiff's method of paying a fixed monthly amount was apparently gradually abandoned. He testified that his business associate, Mrs. Lee, began paying solely upon receipt of the invoices over the several years preceding the expiration of the policy at issue in this case. Therefore, after receipt of the September 17, 1979, letter and phone conversation with someone at McKenzie & Mouk, plaintiff testified that he "felt sure he would be invoiced."
The facts of this case do not warrant a conclusion that plaintiff had reached an agreement with McKenzie & Mouk to renew his insurance policy covering the Washington Street house or that his reliance on this telephone conversation was a reasonable assumption that such was the case. Plaintiff admitted that no mention was made whatsoever about the payment of premiums during his conversation with the McKenzie & Mouk employee on September 19. This was despite the fact that the letter he had received clearly stated that the policy coverage would lapse unless the premium of $181.00 was received before October 26, 1979.
The record shows that plaintiff had, in fact, rarely concerned himself with insurance matters the last several years preceding this incident and was not personally familiar with the method of payment. It is clear that the payments that were made were frequently delinquent. This was not, in fact, the first time plaintiff had been warned of cancellation. Mrs. Lee had once before paid upon receipt of a 10-day cancellation notice. Plaintiff's contention that the September letter was merely a solicitation for continued business is not consistent with the clear and unambiguous wording of the letter. The letter clearly requires full payment by October 26, 1979, of the next year's premium, as well as the unpaid balance to insure renewal. It is not a reasonable assumption that this directive was modified in any manner after the telephone conversation with McKenzie & Mouk. Plaintiff could not identify the person he talked to, did not discuss premium payments, and did not know for a fact that the person with whom he was talking had any knowledge whatsoever of the letter.
Regardless of any prior method of payment plaintiff may have had with McKenzie & Mouk, the letter notifying him of a lapse in coverage unless he paid by October 26 served as a termination of any prior credit practices and put him on notice that the policy would not be renewed unless he took affirmative steps by October 26. His failure to comply with the request contained in the letter was tantamount to a waiver of any right he may have had to assume that practices of the past would be maintained.
It is our opinion that the record clearly shows by a preponderance of the evidence that, upon the facts and law, plaintiff has failed to show a right to relief and the motion for directed verdict was properly granted. See Gleason v. City of Shreveport, *813 393 So.2d 827 (La.App.2d Cir. 1981), writ denied 397 So.2d 806 (La.1981).
For the reasons assigned, the judgment appealed is affirmed at appellants' costs.