WARD, Judge.
Ruth Hill appeals a summary judgment in favor of Dr. William Super. The appeal arises from a lawsuit in which Hill sued the City of New Orleans, its coroner Dr. Frank Minyard and assistant coroner Dr. Super for injuries sustained by her interdicted son Earl Williams while he was confined in the New Orleans House of Detention in December 1977 following his arrest for disturbing the peace. Hill’s lawsuit alleged her son, who was 28 years old at the time, suffered severe burn injuries from a burning mattress, due in part to Dr. Super’s negligence. Hill alleged that Dr. Super was negligent in the care of Earl Williams, who he knows is psychotic, in that he did not transfer him to Charity Hospital as he had done on previous occasions, he prescribed more than the recommended maximum dosage of a sedative, and he did not properly instruct and supervise the House of Detention personnel who were caring for Williams.
In support of his motion for summary judgment, Super relied primarily upon the affidavit of Dr. Aris Cox, a psychiatrist, to overcome the above allegations of negligence. That affidavit stated:
4) That he had reviewed the House of Detention records and medical records pertaining to Dr. William Super’s care and treatment of Earl Williams in the House of Detention in December, 1977.
5) That it is his professional, expert opinion that Dr. Super’s care and treatment of Earl Williams was at all times within the proper standard of care required of psychiatrists.
The issue is whether the affidavit of Dr. Cox should be considered in support of the motion for summary judgment.
Summary judgment shall be granted when the pleadings, depositions, admissions, and affidavits disclose that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. La.C.C.P. art. 966. Supporting and opposing affidavits *628 shall be made on personal knowledge. La. C.C.P. art. 967. That portion of an affidavit or deposition not based on personal knowledge should not be considered in deciding a motion for summary judgment. Statements in affidavits or depositions of the opinion or belief of an expert based on his special training and experience do not meet the requirement of personal knowledge. Hidalgo v. General Fire and Casualty Company, 254 So.2d 493 (La.App. 3d Cir.1971).
In the present case Dr. Cox never examined Earl Williams. Dr. Cox has no personal knowledge concerning the events which preceded the fire in the House of Detention. Since La.C.C.P. art. 967 requires personal knowledge of the facts as a basis of a supporting affidavit, Dr. Cox’s opinion that Dr. Super’s care of Williams was at all times within the proper standard of care cannot be considered in support of Dr. Super’s motion for summary judgment.
Since the physician’s affidavit cannot be considered, there are genuine issues of material fact which must be determined in a trial on the merits.
For the reasons assigned, the judgment appealed is reversed and set aside. The case is remanded to the District Court for further proceedings. Costs in the lower court will await a final determination of the case. Costs of this appeal are assessed against Dr. Super.
REVERSED.