522 So.2d 709 (1988)
Clarence JACKSON
v.
J.I. CASE, Lee Tractor Co., Inc., Travelers Insurance Co., and ABC Insurance Co.
No. 87-CA-545.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
*710 Edmond J. Harris, Heisler & Wysocki, New Orleans, for plaintiff-appellant.
Eric Shuman, Paul M. Batiza, McGlinchey, Stafford, Mintz Cellini & Lang, New Orleans, Stephen N. Elliott, Alison R. Roberts, Metairie, for defendants-appellees.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GRISBAUM, Judge.
This matter relates to the granting of a summary judgment based primarily on opinion testimony. We reverse and remand.
Having had a summary judgment in their favor reversed by this Court, the defendants, Lee Tractor Co., Inc., and J.I. Case Co., return as appellees, having succeeded in convincing the trial court they have cured the want of evidence in their prior motions and having, accordingly, obtained further summary judgments at issue in this appeal.
ISSUE
Whether the expert testimony by deposition not of record shows there exists no issue as to material fact and the parties are entitled to judgment as a matter of law.
PROCEDURAL HISTORY
The underlying facts are recounted in the prior opinion of this Court, Jackson v. J.I. Case, Inc., 473 So.2d 359 (La.App. 5th Cir. 1985), and need not be repeated. After remand, J.I. Case, Inc., once more moved for summary judgment on March 16, 1987. It submitted a memorandum that, in essence, reviews the prior decision of this Court and quotes from the deposition of Mr. Anthony Lee Anderson, alleged to be "an expert in the field of automotive electrical systems," and the person who performed repairs to the tractor after the accident forming the basis of suit. The motion of Lee Tractor Co. and the supporting memorandum, also filed March 16, 1987, follow the same format. After hearing held March 24, 1987, the court granted summary judgments in favor of both moving defendants.
ANALYSIS
This Court has previously stated our policy that it will not consider deposition testimony quoted in a memorandum where the deposition itself does not appear of record. See Toups v. Hawkins, 518 So.2d 1077, 1082 (La.App. 5th Cir.1987). Here, the memoranda quote extensively from a deposition nowhere appearing of record. We do not know, of record, for what purposes the deposition was taken, whether the deponent was sworn, or even who the deponent is. Moreover, we do not know what has been deleted from the deposition. All of these questions demonstrate why no matter not properly introduced at the trial court level and there made part of a record can be considered as receivable evidence.
Additionally, the submitted testimony suffers from a fundamental defect in that it attempts conclusively to prove cause by opinion evidence. Early on it was opined by the federal jurisprudence that opinion evidence, even if entitled to some weight, could not be given conclusive weight because opinions should be submitted to cross-examination and credibility evaluation.[1]Sartor v. Ark. Nat'l Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 729, 88 L.Ed. 967 (1944), reh'g denied, 322 U.S. 767, 64 S.Ct. 941 (1944). In Hidalgo v. Gen. Fire & Casualty Co., 254 So.2d 493 (La. App. 3d Cir.1971), the Third Circuit embraced the federal view, concluding that "mere opinion or belief is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits." *711 Id. at 496. The same case concluded, moreover, that "The mere opinion of an expert witness, based solely on his special training and experience, is not based on `personal knowledge', [sic] as this term is used in Article 967." Id. See also McCoy v. Physicians & Surgeons Hosp., Inc., 452 So.2d 308 (La.App. 2d Cir.1984), writ denied, 457 So.2d 1194 (La.1984), which observes that "Consideration of ... opinion evidence calls for a type of evaluation the trier of fact properly engages in only during or following a trial on the merits." Id. at 310. We adopt the rationales expressed by the Second and Third Circuits and embrace the federal view. Accordingly, we find the trial court erred in finding no issue of material fact.
For the reasons assigned, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with the views expressed.
REVERSED AND REMANDED.
BOWES, J., concurs, with written reasons.
BOWES, Judge, concurring.
I agree with the majority opinion that the summary judgment granted by the trial court in favor of both J.I. Case, Inc. (hereinafter Case) and Lee Tractor Co., Inc. (hereinafter Lee) should be reversed and remanded; and whereas I do not disagree with the reasons given by the majority, I am of the opinion that there are additional reasons for reversing the trial court, equally as important, which should be pointed out for the benefit and guidance of the parties and the trial court.
I am probably more cognizant of those reasons than my brothers of the majority because I was the author of the earlier opinion rendered by another panel of this court on July 8, 1985, referred to in the majority opinion, which reversed and remanded the first summary judgment in this matter. In that opinion, we pointed out that as far as Case, the manufacturer, was concerned, plaintiff's petition alleged, not only that the battery of the tractor was defective, but also the starter and other mechanical parts. In addition, we stated that they also alleged a failure to inspect, negligent design and negligent manufacture (of the tractor as a whole), failure to warn, and other things,
We further pointed out in regard to Lee, the distributor, who performed certain maintenance on the tractor, that plaintiff's amended petition (from which we quoted) extended his cause of action to include a negligence claim against Lee for negligent maintenance and repair. In this connection, we stressed "Lee's affidavit fully addressed the claim as to the starter and battery but Lee failed to include the electrical system in its affidavit."
From the portions of deposition testimony and other evidence submitted with the second (present) motion for summary judgment, it appears that the parties and the trial court took the above-quoted language to mean that if they cleared up any reasonable doubts concerning the electrical system, that would be all that was necessary to obtain a summary judgment, for that is what their present evidence now seems to stress.
A careful reading of the opinion rendered in the appeal of the first motion for summary judgment (473 So.2d 359) will show that such an interpretation of the first opinion is erroneous as we pointed out there several conflicts and issues of material fact remaining between plaintiff and both defendants, which would have to be resolved before a judgment could be reached.
In my opinion, the second motion for summary judgment leaves many of these issues of material fact still unresolved between the parties, which I believe will only be settled by a trial on the merits. Consequently, summary judgment is still inappropriate at this time.
It is primarily for the reasons given above that I would also reverse the summary judgment presently before this court, although I reiterate that I do not disagree with the reasons given by the majority. Accordingly, I concur with the decree of the majority opinion.
NOTES
[1] The evaluation of credibility is not to be done upon trial of a motion for summary judgment. Watson v. Cook, 427 So.2d 1312, 1316 (La.App. 2d Cir.1983).