GRISBAUM, Judge.
This appeal arises out of a worker’s compensation matter. Surgi’s Heating and Air Conditioning, Inc. (Surgi’s), the defendant-employer, third-partied two insurance agencies (Gentilly Insurance Agency, Inc. and R & L Insurance Agency, Inc.) and one surplus lines broker (Rodeo Worldwide, Inc.), claiming that “On or about April 4, 1984, the date of the alleged accident, SURGI’S had workmen[’]s compensation insurance coverage which was issued by one or more of the third[-]party defendants.” Surgi’s now appeals the summary judgments rendered in favor of all three third-party de *841 fendants. We affirm in part, set aside in part, and remand in part.
ISSUE
The threshold question is whether the movers laid to rest all genuine issues of material fact which would give rise to a cause of action.
The basic record facts are well-known to all parties and will not be repeated.
PROCEDURAL HISTORY
On January 4, 1988, Rodeo Worldwide, Inc. (Rodeo) filed a motion for summary judgment, supporting same with a memorandum. Submitted with the deposition is a copy of a memo of R & L Insurance Agency, Inc. (R & L) dated “4-9-84” requesting a “W.C.” policy effective “3-28-84.” Also submitted are what purport to be excerpts from the depositions of Michael H. Rodrigue, John D. Blanchard, and Wesley E. Surgi. Finally, Rodeo attaches a copy of a worker’s compensation policy naming as insureds “Mr. and Mrs. Wesley Surgi, et al” and indicating a policy period from April 9, 1984 to April 9, 1985. Filed of record on January 18, 1988, presumably on behalf of Rodeo, was the following affidavit, notarized and dated January 12, 1987:
BEFORE ME, the undersigned authority, personally came and appeared
MICHAEL RODRIGUE
who, being duly sworn, did depose and say that:
(1) He is President of Rodeo Worldwide, Inc.
(2) He is familiar with the facts regarding this case.
(3) On April 9, 1984, R & L Insurance Agency requested Rodeo Worldwide, Inc., to issue a policy of workmen’s compensation but to backdate the policy effective date to March 28, 1984.
(4) [O]n April 9, 1984, Rodeo informed R & L Insurance Agency that they would not backdate a policy of workmen’s compensation insurance.
(5) Rodeo Worldwide, Inc. issued, through Westmoreland Casualty Company, a policy of workmen’s compensation insurance to Surgi’s Heating and Air Conditioning, Inc.[,] which policy was in force and effect from April 9, 1984 through April 9, 1985.
(6)On April 4,1984, no policy of workmen’s compensation insurance issued thru Rodeo Worldwide, Inc.[,] was in effect nor had been requested.
(Signed) Michael Rodrigue
MICHAEL RODRIGUE
In January 1988, Gentilly Insurance Agency (Gentilly) likewise moved for summary judgment, asserting it “had no obligation to renew the workers’ compensation policy of Surgi’s Heating and Air (‘Surgi’s’) beyond the 3/28/84 expiration date where Surgi’s was notified and knew of the expiration date and yet refused to commit to the renewal or pay the premium.” Submitted in support is a copy of a worker’s compensation policy—Gentilly is listed as the “producer”—covering Surgi’s Heating and Air Conditioning and Surgi’s Fire Places, Inc., issued (apparently) by the Maryland Casualty Co., and extending coverage from March 28, 1983 to March 28, 1984. Also submitted are unidentified des-position excerpts. Finally, Gentilly included the following affidavit, notarized and dated January 22, 1988:
BEFORE ME, the undersigned authority personally came and appeared:
MARCUS BARNETT
who upon being duly sworn deposed and said the following:
1—That he was Vice[-]President of Gentilly Insurance Agency (“Gentilly”) in the Spring of 1984 and personally dealt with Mr. Wes Surgi concerning workers’ compensation coverage for Surgi’s Heating and Air (“Surgi’s”);
2—That the policy of workers’ compensation coverage issued through Gentilly the year prior to plaintiff’s accident expired on 3/28/84.
3—That he repeatedly told Mr. Wes Surgi, President of Surgi’s, that the policy would expire on 3/28/84 and that a premium was due before 3/28/84 to renew the policy.
*842 4—That Mr. Wes Surgi refused to commit to a renewal of the workers’ compensation policy procured through Gentilly, and refused to pay a renewal premium.
5—That no premium ever was paid by Surgi’s Heating and Air for workers’ compensation coverage beyond 3/28/84;
6—That because Surgi’s refused to renew the policy and pay the renewal premium prior to the 3/28/84 expiration date, Gentilly procured no workers’ compensation coverage for Surgi’s beyond 3/28/84;
7—That he had no oral agreement with Wes Surgi that workers’ compensation insurance be extended beyond the 3/28/84 expiration date;
8—That if he had entered into an oral agreement with a representative of Sur-gi’s to extend coverage beyond 3/28/84, then a binder would have been issued;
9—That no binder was issued by Gen-tilly to extend workers’ compensation coverage for Surgi’s beyond 3/28/84;
(Signed) Marcus Barnett
MARCUS BARNETT
On January 28, 1988, R & L filed a motion for summary judgment, maintaining “R & L was not asked to write a worker’s compensation policy for Surgi’s Heating and Air (‘Surgi’s’) until April 6, 1984, two days after Frank Funck’s injury which is the basis of the primary claim.” Submitted in support are purported excerpts from depositions. No affidavits appear.
On February 1, 1988, Surgi’s filed a memorandum in opposition to the motions by Rodeo and Gentilly. Submitted with the opposition are the following affidavits, notarized and dated January 30, 1988:
BEFORE ME, the undersigned authority, personally came and appeared:
RONALD SCHMITT,
who, after being duly sworn, did depose and state that:
1.He was Comptroller of Surgi’s Heating & Air Conditioning, Inc. (hereinafter Surgi’s) during all of 1984 and personally handled negotiations with R & L Insurance Agency, (hereinafter R & L) concerning the obtaining of insurance to cover Surgi’s beginning March 28, 1984.
2. At no time prior to March 28, 1984, did R & L advise him that the workman’s compensation policy could not be back dated [sic] to the above date if it was obtained after that date.
3. He was always led to believe that Surgi’s would be fully protected and insured by R & L as of March 28, 1984, even if the insurance was placed with R & L after that date.
(Signed) Ronald Schmitt
RONALD SCHMITT
BEFORE ME, the undersigned authority, personally came and appeared:
WESLEY E. SURGI,
who, after being duly sworn, did depose and state that:
1. He was President of Surgi’s Heating & Air Conditioning, Inc. (hereinafter Surgi’s) during all of 1983 and 1984 and personally conducted all negotiations with Gentilly Insurance Agency, Inc. (hereinafter Gentilly) concerning the renewal and issuance of binders for Surgi’s insurance needs.
2. Prior to and on March 28, 1984, he verbally instructed (his normal method of transmitting decisions) Gentilly to bind all of its insurance policies after their expiration on March 28, 1984, until he decided with which company to place his insurance, a practice which he had done fifteen to twenty times previously with Gentilly.
3. Surgi’s committed to paying whatever premium accrued during the term for which the binders were issued, either immediately or by financing same (which it frequently did with Gentilly’s knowledge).
4. He believed that Gentilly had kept Surgi’s fully and properly insured until he was advised by a representative of an automobile/truck dealership about ten (10) days after the expiration of his insurance policies that Gentilly [had] failed to bind the old policies until he had decid *843 ed with which company to place the insurance.
(Signed) Wesley E. Surgi
WESLEY E. SURGI
Also submitted are purported excerpts from depositions of Wesley E. Surgi and Ronald Schmitt.
After hearing held February 4, 1988, the court granted summary judgments in favor of all three third-party defendants.
LAW
Our statutory scheme is clearly set forth in La.C.C.P. arts. 966 and 967. Our jurisprudence interpreting that scheme has been spelled out by this Court on numerous occasions. Of recent vintage, see General Motors Acceptance Corp. v. Gill, 525 So.2d 1108 (La.App. 5th Cir.1988).
THIRD-PARTY DEFENDANT—GENTILLY INSURANCE
Upon reviewing the receivable evidence, we see that Marcus Barnette, vice-president of Gentilly, avows that a prior worker’s compensation policy issued to Surgi’s had expired under its own terms on March 28, 1984; that Gentilly repeatedly had warned Mr. Wes Surgi that it would do so; that nonetheless no premium was paid by Surgi’s; and that Barnette had no oral agreement with Mr. Surgi to extend the coverage period. Moreover, no binder extending coverage in fact was issued or existed.
On the other hand, Mr. Surgi avows he “verbally instructed .. •. Gentilly to bind all of its insurance policies after their expiration on March 28, 1984” until he decided with whom to place coverage. He further affirms that Surgi’s “committed” to pay for any bound coverage and that he “believed” Gentilly maintained the coverage.
This Court in Ferrara v. Strain, 497 So.2d 1077, 1081 (La.App. 5th Cir.1986), writ denied, 501 So.2d 238 (La.1987) alluded to the fact that an insurance agent or broker may assume—and breach—duties vis-a-vis an insured independent of those owed by the insurer proper. The duty implicated here—that of an agent or broker who undertakes to procure insurance for a prospective insured—has been extensively discussed in Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728 (La.1973) and Redmond v. Nat’l Union Fire Ins. Co. of Pittsburgh, 403 So.2d 810 (La.App.2d Cir.1981). As summarized in McCollough v. Peninsular Fire Ins. Co., 440 So.2d 874, 877 (La.App.2d Cir.1983),
To recover for loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) the actions of the agent warranted an assumption by the client that he was properly insured. Redmond v. National Union Fire Insurance Company, 403 So.2d 810 (La.App. 2d Cir.1981); Porter v. Utica Mutual Insurance Company, 357 So.2d 1234 (La.App.2d Cir.1978).
Applying these criteria, we have before us a course of dealing between Surgi’s and Gentilly that spanned some time, together with Mr. Surgi’s avowal that he customarily directed verbal instructions to Gentilly concerning insurance matters. Accordingly, we must be guided by the oft-repeated principles that the presence of subjective facts such as motive or intent often makes summary judgment an inappropriate vehicle for disposition of a matter, see Toups v. Hawkins, 518 So.2d 1077, 1080 (La.App. 5th Cir.1987), and that reasonable inferences drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions must be viewed in the light most favorable to the party opposing summary judgment, Id. at 1079-80. Therefore, we find the grant of summary judgment on behalf of Gentilly was, at the very least, premature.
THIRD-PARTY DEFENDANT—R & L INSURANCE AGENCY, INC.
Apparently, R & L was asked to place coverage only after the accident forming the principal demand had occurred. *844 However, in support of its motion for summary judgment, we only see a memorandum which spends much time in quoting from an alleged deposition, which is not of record. Additionally, we see submitted excerpts from an alleged deposition. This Court in Jackson v. J.I. Case, 522 So.2d 709 (La.App. 5th Cir.1988), prior appeal, 473 So.2d 359 (La.App. 5th Cir.1985) recently restated its policy that it will not consider deposition testimony quoted in a memorandum where the deposition itself does not appear of record. Accordingly, here again, the trial court’s grant of summary judgment constitutes error.
THIRD-PARTY DEFENDANT—RODCO WORLDWIDE, INC.
Finally, we find it clear that Rodeo was properly granted summary judgment. The record shows Surgi’s offers no direct response to Rodeo’s specific avowals that it issued no policy covering the date in question, namely, April 4, 1984. Our jurisprudence has established that an insurer may extricate itself from suit by resorting to summary judgment where it shows it had no policy covering a purported insured and that he, the “insured,” had no right of relief as to it. See Greene v. Engolio, 257 So.2d 831 (La.App. 1st Cir.1972).
For the reasons assigned, the judgment of the trial court dated February 5, 1988, which granted summary judgment in favor of Gentilly Insurance Agency, is hereby set aside; the judgment of the trial court dated February 18,1988, which granted summary judgment in favor of R & L Insurance Agency, Inc., is also set aside; and the judgment of the trial court dated February 8, 1988, which granted summary judgment in favor of Rodeo Worldwide, Inc., is hereby affirmed. Those judgments which we hereby set aside are further remanded to the trial court for further proceedings consistent with the views expressed herein.
SET ASIDE IN PART, AFFIRMED IN PART, AND REMANDED IN PART.