631 So.2d 84 (1994)
Peggy BARNETT, Plaintiff-Appellee,
v.
Dr. Thomas STAATS, et al., Defendants-Appellants.
No. 25357-CA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*85 Cook, Yancey, King & Galloway by Charles G. Tutt, Ronald F. Lattier, Shreveport, for defendants-appellants Dr. Thomas Staats, Mrs. Thomas Staats and State Farm Mut. Ins. Co.
Jack M. Bailey, Jr., William K. Adams, Steven L. Rushing, Shreveport, for plaintiffappellee.
Paul R. Myers, Jr., Shreveport, for defendant-appellee George Jackson, Jr.
Hicks & Hubley by Craig O. Marcotte, Shreveport, for defendants-appellees L.J. Sumrall, Mary Sumrall, and United States Fidelity & Guar. Co.
Before NORRIS, LINDSAY and WILLIAMS, JJ.
LINDSAY, Judge.
The defendants, Dr. Thomas Staats, M'Lou Staats, and their insurer, State Farm Mutual Insurance Company, appeal from a partial summary judgment granted against them on the grounds that the Staats owned the building where the plaintiff was allegedly injured and were thus strictly liable for her injuries *86 under LSA-C.C. Art. 2317 and 2322. For the reasons assigned below, we reverse the granting of the plaintiff's motion for partial summary judgment and remand the matter to the trial court for further proceedings.

FACTS
The plaintiff, Peggy Barnett, filed suit alleging that prior to the accident, she was employed in the office of the Doctors Psychological Center. The office was located in a building owned by Dr. Thomas Staats and his former wife, M'Lou Staats (the plaintiff's sister). The plaintiff alleged that she was injured on March 22, 1990. The plaintiff asserted that she was at her desk when a large, wall-mounted cabinet, which was supposed to be permanently attached to the office wall, suddenly collapsed on top of her, causing her injuries.
Named as defendants in the plaintiff's original suit were the Staats; their insurer, State Farm; George A. Jackson, Jr., the architect who designed the building and the cabinet in question; and L.J. and Mary Sumrall, d/b/a Sumrall Construction Company (hereinafter referred to as "Sumrall"), the general contractor who built the office complex. Subsequently, the plaintiff added Sumrall's insurer, United States Fidelity and Guaranty Company, as well as Jackson's insurer, Continental Casualty Company.
The plaintiff filed a motion for partial summary judgment against the Staats on the grounds that they owned the building at the time of the alleged occurrence and they were strictly liable for her injuries under LSA-C.C. Arts. 2317 and 2322. The plaintiff's affidavit, which was submitted in support of her motion for partial summary judgment, stated that she was employed by Doctors Psychological Center; that she suffered serious injuries as a result of a cabinet falling on her; and that she did nothing to cause the cabinet to fall. In support of her motion, she also submitted excerpts from the depositions of M'Lou Staats, Dr. Thomas Staats, George Jackson, Tom B. Holmes, and L.J. Sumrall.
In his deposition, Dr. Staats stated that he heard the cabinet fall. Upon investigation, he found the plaintiff pinned down under the cabinet. He further admitted that he and his former wife owned the building individually and that it was headquarters for his corporation, Doctors Psychological Center, which employed the plaintiff. Mrs. Staats' deposition excerpt referred to her observation of bruises on the plaintiff's legs.
In the excerpts from his deposition, Mr. Jackson admitted being the architect of the building. He testified that he examined the cabinet after it fell and he saw no signs whatsoever of any glue in the cabinet joints. He stated that in his opinion it was improper for the cabinet to not be glued, and that the lack of glue was the principal reason for the failure of the cabinet. However, he also stated that he had no knowledge of what was stored in the cabinets "so it could have been a combination." Nonetheless, in his opinion, if the cabinet had been properly glued, the cabinet would have held the paper goods normally stored in the cabinet of a secretarial office.
According to the excerpts from the deposition of L.J. Sumrall, his company subcontracted the furnishing of the cabinets from Ellis Millwork Company.[1] In order to install the cabinets, his workers followed the specifications on the architect's plans. The plaintiff also attached an excerpt from the deposition of Tom B. Holmes (apparently an expert witness), who testified that after reading the contract specifications for the cabinets, he was of the opinion that, in order to hold the cabinets together, they should have been stapled and glued.
The plaintiff's motion for partial summary judgment was sustained by the trial court without written reasons for judgment.
The defendants appeal. They assign as error the following: (1) the trial court erred in considering excerpts of depositions when the depositions themselves were not part of the record; (2) the trial court erred in considering the opinion testimony of the architect of the building and cabinet, who was also *87 a codefendant; (3) the trial court erred in granting partial summary judgment in favor of the plaintiff on the issue of strict liability; (4) the trial court erred in finding that the plaintiff carried her burden of proof on the issue of defect; and (5) the trial court erred in not considering the issue of third-party fault. Due to our resolution of the issues concerning opinion evidence and the burden of proof, we find that summary judgment was improperly granted.

SUMMARY JUDGMENT
A motion for summary judgment shall be granted forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966.
A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect the litigants' ultimate success or determine the outcome of the legal dispute. Security National Trust v. Kalmback, 613 So.2d 664 (La.App. 2d Cir.1993).
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967.
The mover has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt on this score should be resolved against granting the motion. Watson v. Cook, 427 So.2d 1312 (La. App. 2d Cir.1983); Security National Trust v. Kalmback, supra.
To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Watson v. Cook, supra.
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If insufficient, summary judgment must be denied. If sufficient, the burden then shifts to the opposing party to present evidence showing that material facts are still at issue. An opposing party need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Security National Trust v. Kalmback, supra.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. McNeer Electrical Contracting, Inc. v. CRL, Inc., 621 So.2d 99 (La.App. 2d Cir. 1993).

Deposition Excerpts
The appellants complain that only excerpts of depositions were submitted in support of the plaintiff's motion. However, LSA-C.C.P. Art. 1450 allows the use of any part or all of a deposition upon the hearing of a motion.[2] See Johnson v. Slidell Memorial Hospital, 552 So.2d 1022 (La.App. 1st Cir. 1989), writ denied, 558 So.2d 571 (La.1990). Furthermore, the appellants apparently did not complain about the use of the excerpts in the trial court; had they done so, they could have required the plaintiff to introduce any other relevant portions of the depositions which, in fairness, should have also been considered. See LSA-C.C.P. Art. 1450(A)(4).
We are not presented with the same problem addressed in Placid Refining Company v. Privette, 523 So.2d 865 (La.App. 1st Cir. 1988), writ denied, 524 So.2d 748 (La.1988), where the deposition excerpts were attachments *88 to a memorandum which was not properly filed into the record. We find that the deposition excerpts in the present case were properly filed in the record and considered by the trial court in granting the motion for partial summary judgment. Pickering v. Hercules Incorporated, 486 So.2d 1185 (La. App. 3d Cir.1986).
We also distinguish the facts of the present case from those of Jackson v. Case, 522 So.2d 709 (La.App. 5th Cir.1988), and Funck v. Surgi's Heating and Air Conditioning, Inc., 537 So.2d 840 (La.App. 5th Cir.1989). In each of those cases, the Fifth Circuit followed its policy of not considering deposition testimony quoted in a memorandum where the deposition itself nowhere appeared of record. (To the extent that Funck also involved deposition excerpts, we decline to follow it.)
Therefore, this assignment of error has no merit.

Opinion Evidence
The appellants also argue that, even if the deposition excerpts were deemed properly admitted, the trial court improperly considered "opinion evidence" contained therein.
Several courts, including this court, have held that, in the context of a motion for summary judgment, opinion evidence contained in affidavits and depositions is not sufficiently certain or probative to justify a conclusion that there is a lack of issues of fact requiring resolution at a trial on the merits. See McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d 308 (La.App. 2d Cir.1984), writ denied, 457 So.2d 1194 (La.1984); Brock v. Newman, 543 So.2d 84 (La.App. 1st Cir.1989), writ denied, 548 So.2d 1251 (La.1989); Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3d Cir.1971); Jackson v. Case, supra.[3] The mere opinion of an expert witness, based solely on his special training and experience, is not based on "personal knowledge," as this term is used in LSA-C.C.P. Art. 967. Hidalgo, supra.
In McCoy, the defendant doctor in a medical malpractice case filed a motion for summary judgment, relying on his own deposition, as well as those of the plaintiff, her husband, nurses and a neurosurgeon; he also utilized the affidavit and attached reports of a neurologist. Both the neurosurgeon and the neurologist examined and treated the plaintiff over an extended period of time. This court stated as follows:
That portion of an affidavit or deposition not based on personal knowledge should not be considered in deciding a motion for summary judgment. Statements in affidavits or depositions of the opinion or belief of an expert based on his special training and experience do not meet the requirement of personal knowledge. A statement of opinion is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits. Expert opinion statements or testimony requires evaluation by the trier of fact as to probative value. A motion for summary judgment is not the proper vehicle for the trier of fact to evaluate evidence and determine the facts which are disputed.
* * * * * *
To the extent that the depositions and reports of the doctors express opinions as to the cause of the [plaintiff's] nerve injury and damage and the relationship of the surgery to the damage, they are not based on personal knowledge and may not be considered in ruling on a motion for summary judgment, although the doctors' opinions would be admissible and would constitute probative evidence at trial. Consideration of the opinion evidence calls for a type of evaluation the trier of fact properly engages in only during or following a trial on the merits. Absent consideration of the statements of opinion by the doctors, it cannot be said that there is an absence of any doubt as to a dispute concerning the material fact of causation of the [plaintiff's] nerve damage and its relationship to the surgery performed by the *89 defendant doctor. Therefore, the defendant doctor is not entitled to judgment as a matter of law and summary judgment is not appropriate in this case.
Likewise, to the extent that the deposition excerpts of the various witnesses, most notably Mr. Jackson, express the opinion that the cabinet fell due to a lack of glue, they are not based on personal knowledge and may not be considered in ruling on a motion for summary judgment. Of course, these witnesses may offer this testimony at trial, where their testimony may be duly evaluated by the jury.
Without this opinion evidence, it cannot be said that the movant demonstrated that she was entitled to judgment as a matter of law. Specifically, there is inadequate proof of "ruin" under LSA-C.C. Art. 2317 and 2322, which impose strict liability upon building owners such as the Staats. Under LSA-C.C. Art. 2322, three requirements must be met: (1) there must be a building; (2) the defendant must be its owner; and (3) there must be a "ruin" caused by a vice in construction or a neglect to repair, which occasions the damage sought to be recovered. Olsen v. Shell Oil Company, 365 So.2d 1285 (La.1978).
Proof of the third prong may be met by showing that the cabinet was defective, i.e., it presented an unreasonable risk of harm to the plaintiff and she sustained injury due to that defect. Hughes v. Green, 609 So.2d 991 (La.App. 4th Cir.1992), writ denied, 612 So.2d 82 (La.1993). In the instant case, the plaintiff failed to present sufficient admissible evidence to prove the manner in which the cabinet was defective or presented an unreasonable risk of harm.
It cannot be inferred that simply because the cabinet fell, it was automatically defective. See Hughes v. Green, supra.
Based on the foregoing, we find that the trial court improperly granted partial summary judgment in favor of the plaintiff.

CONCLUSION
The judgment of partial summary judgment rendered in favor of the plaintiff and against the Staats is reversed. The matter is remanded to the trial court for further proceedings. Costs are assessed against the plaintiff.

REVERSED AND REMANDED.
NORRIS, J., concurs in the result.
WILLIAMS, J., concurs with written reasons.
WILLIAMS, Judge, concurring.
From a review of the record, it is apparent the trial court felt that the liability of the appellants was so obvious, there was no need to proceed to trial on the issue.
I am not convinced Jackson's deposition testimony included opinion evidence which precluded a grant of summary judgment. However, without this "opinion" evidence on the issue of whether the cabinet in question was "defective," a trial on the merits is warranted.
We have consistently held that any doubt should be resolved in favor of a trial on the merits. Hakim v. Albritton, 552 So.2d 548 (La.App. 2d Cir.1989); Toole v. Tucker, 519 So.2d 348 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1156 (La.1988); Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir. 1983).
Therefore, with this general principle in mind, and since I believe that a remand will produce no change in the ultimate decision with respect to the parties before us on appeal, I concur.
NOTES
[1] Sumrall filed a third-party demand against Robert A. Roy, Jr., d/b/a Ellis Millwork, seeking complete indemnification from Ellis if cast in judgment. In his answer, Mr. Roy asserted that the proper party was Ellis Millwork, Inc., a Louisiana corporation which had taken bankruptcy.
[2] We note that excerpts from three of these depositions (Dr. Staats, Mr. Jackson, and Mr. Sumrall), including some of the same pages, were also utilized in connection with a motion for summary judgment filed by Mr. Jackson. These excerpts contained the title pages, the stipulations pages, and the court reporter's certifications of the depositions.
[3] However, the Fourth Circuit has embraced the opposing view. See Obiago v. Merrell-National Laboratory, Inc., 560 So.2d 625 (La.App. 4th Cir.1990), writ denied, 565 So.2d 445 (La.1990), and Buffa v. Lawrence's Bakery, Inc., 615 So.2d 418 (La.App. 4th Cir.1993).