564 So.2d 787 (1990)
Jesus ANDRADE, Plaintiff-Appellant,
v.
Jesse SHIERS, Ramona Shiers and Southern Farm Bureau Insurance Company, Defendants-Appellees.
No. 21509-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1990.
Writ Denied October 19, 1990.
*788 Singer, Boothe & Dean, Winnsboro by Stephen G. Dean, for plaintiff-appellant.
Brittain, Williams, McGlathery, Passman and Sylvester, Natchitoches by Russell L. Sylvester, and Cooper, Hales & Posey, Rayville by Mark E. Posey and Myrt T. Hales, Jr., for Jesse and Ramona Shiers.
Cotton, Bolton, Hoychick & Doughty, Rayville by Terry A. Doughty, for Southern Farm Bureau Ins.
Before MARVIN, SEXTON and HIGHTOWER, JJ.
MARVIN, Judge.
In this action for personal injury damages that arose when a cow belonging to a defendant homeowner butted the homeowner's father-in-law immediately after the father-in-law carried the cow's two-hour-old calf about 40 feet away from a muddy river bank, the father-in-law, plaintiff Andrade, appeals a judgment rejecting his demands against the homeowners and their liability insurer.
As against the homeowners, the issue is correctness and legal effect of the trial court's factual conclusion that plaintiff's conduct in carrying the calf away from the river bank unreasonably provoked the cow to strike plaintiff and thus constituted "victim fault," which was legally sufficient to bar recovery because it was a substantial factor in causing plaintiff's injury.
As against the homeowners' liability insurance carrier, the issue is the correctness of the trial court's conclusion that plaintiff was a "dependent resident of the insured's household," and was excluded from recovering under the liability provisions of the policy.
We affirm the judgment in favor of the homeowners' insurance company. As against the homeowners, we reverse and render judgment in favor of plaintiff, allocating responsibility for plaintiff's injury 80 percent to plaintiff and 20 percent to the homeowners.

TRIAL COURT'S REASONS
We paraphrase and edit what the trial court wrote as reasons for judgment:
Andrade, a resident alien, came to Richland Parish to live with his daughter and son-in-law in August, 1984. Andrade's home in Mexico had burned some 10 years before that time. He alternated living with his sister and another son in Mexico. He owned no property whatsoever.
Andrade was furnished meals and a place to live in the home of defendants, sleeping in a room previously occupied by his grandchildren. He had no job and no income other than gratuities given to him by his children for cigarettes and personal items. He did not and could not reimburse defendants for his room and board, but was totally dependent upon *789 them for food and shelter from August 1984 until he moved elsewhere in February 1987.
Andrade's injury occurred May 31, 1985. He last saw a doctor about July 1, 1985, and remained in the home, without medical supervision or restriction, until February 1987. Andrade intended to be a resident of the home and a part of his daughter's family for a lengthy or indefinite time and remained there for 19-20 months after the birth of his grandchild, the accident, and his release from medical treatment after the accident.
Defendants raised some cattle on a small fenced area through which the Boeuf River flowed. On numerous occasions, Andrade had been in the pasture and walked among the cattle, without incident. On May 31, 1985, while alone in the pasture, he saw the calf, about two hours old, nearing the mud at the river bank, and the mother cow a short distance from the calf. He attempted to move the calf away from that apparent danger and was attacked by the cow. He should have known that a mother cow would react adversely to his attempt. His action was the cause of this incident and "victim fault" which bars his recovery. Rozell v. Louisiana Animal Breeders Cooperative, Inc., 496 So.2d 275 (La.1986) [hereafter referred to as Rozell II]. Like the bull in Rozell, this mother cow of a two-hour-old calf would be explosively dangerous and thus constituted an unreasonable hazard. Bracketed material supplied.

INSURANCE POLICY EXCLUSION AFFIRMED
The trial court was correct, factually and legally, in concluding that Andrade was a resident of the home of his son-in-law and daughter and was excluded from recovering under the liability provisions of their homeowners' insurance policy.

CC ART. 2321 STRICT LIABILITY AND COMPARATIVE FAULT?
Art. 2321 liability is "fault in the nature of strict liability" that is presumed and imposed on the owner of a domesticated animal that harms another. Holland v. Buckley, 305 So.2d 113, 119 (La.1974). The liability arises because of the legal relationship between the owner and the animal. The injured person need not prove the "negligence" of the owner. Howard v. Allstate Ins. Co., 520 So.2d 715 (La.1988), citing Rozell I, 434 So.2d 404 (La.1983). Compare, however, the holding in Boyer v. Seal, 553 So.2d 827 (La.1989), that an elderly plaintiff who tripped and fell when a house cat either rubbed against or ran through her legs cannot recover for her injury because she did not prove that the cat "created an unreasonable risk of harm."
Rozell I, at fn. 7, p. 407, had said that notwithstanding "misleading" language in some cases discussing the "strict liability" concept of fault under CC Arts. 2317, 2321 and 2322, a cow or other domestic animal should not necessarily present an unreasonable risk of injury for its owner to be liable. Rozell II, three years later, however, termed the bull "explosively dangerous and ... an unreasonable hazard of injury, even to the man hired to attend him," noting that Rozell did nothing unreasonable to cause the bull to attack him. 496 So.2d at 278-279. The court suggested that application of the "strict liability doctrines leaves no room for contributory negligence," which was the law when Rozell was injured but not the law when the opinion was written. Rozell considered, but did not apply, the contributory negligence bar then applicable.
Boyer, supra, states that while the plaintiff is required to prove the domestic animal causing injury created some unreasonable risk of harm, the plaintiff need not [go further? and] "establish that the animal was inherently dangerous or that it committed an aggressive act [in order to recover]." 553 So.2d at 828.
In the light of this record and of the most recent pronouncements in Howard and in Boyer, we conclude as follows: A domesticated cow, accustomed to being around people, including this plaintiff, is not inherently dangerous. An unsecured *790 cow with a newly born calf, however, either becomes inherently dangerous to any plaintiff who may move the calf or poses an unreasonable risk of harm to any person, even a knowledgeable one, as this plaintiff was, who places himself in reasonable proximity to the calf. Plaintiff was over 70 years old. His daughter testified plaintiff had been around cattle most of his life. Moreover, and unlike the cat involved with Ms. Boyer, this cow "committed an aggressive act" by attacking plaintiff when he put the calf down.
To the extent above stated, we agree with the conclusion of the trial court that a cow with a two-hour old calf is dangerous and constitutes a hazard. We do not agree, however, that plaintiff's conduct, which was and is deemed negligent, totally bars his recovery.
"Victim fault" in the light of Rozell II and Howard, supra, is conduct which is found to be a substantial factor in causing the plaintiff-victim's injury. This fault would be conduct that either provokes or facilitates the attack of the particular domesticated animal.
Victim fault is not the pre-comparative and now defunct contributory negligence which barred recovery by a plaintiff in a negligence case, as was unsuccessfully urged in Rozell II and was originally stated to be a "defense" in the seminal case of Holland, supra.
The victim's fault or conduct that substantially causes in fact the injury to the victim, after comparative negligence applies, is fault which may be compared and weighed with the "fault" that is legally imposed on the owner of the animal. Victim fault under CC Art. 2323 does not legally bar the victim's recovery, as the trial court concluded, but may reduce the Art. 2321 liability that is imposed on the owner of the animal, as Howard concluded.
[C]omparative fault applies in cases ... where a domesticated animal inflicts injuries for which the owner is held liable under art. 2321. It is only fair that the damages recovered by negligent victims... should be reduced by their percentage of fault. Howard, 520 So.2d at p. 718-719.
In Howard, the conduct of an 11-year-old, whose mental age was eight, who saw the "Beware of Dog" sign and who may have been told not to enter the yard until the watch dog was put in his pen, was a substantial cause or provocation for the dog's attack. She was found to have been slightly or 10 percent at fault, 90 percent of "fault" being the Art. 2321 liability that was imposed on the owners of the [inherently dangerous?] dog that injured the child [by attacking, or committing an aggressive act against, her]. Howard is not contrary to Boyer, as we appreciate those opinions.
We must therefore reverse the trial court judgment insofar as it rejects the demands of plaintiff against his daughter and son-in-law. We shall render judgment only to allocate fault and shall remand to allow the trial court to assess damages, if plaintiff desires to further pursue a money judgment against his benefactors, his daughter and son-in-law, who were not guilty of any independent conduct that could be deemed actionable negligence under CC Art. 2315. They were not present when the incident occurred. Plaintiff's daughter was in the hospital with her newly-born child.

CONCLUSION; DECREE
Plaintiff explained that he carried the calf away from the muddy river bank because of the apparent danger that the calf would get stuck in the mud and tumble into the river and drown. He considered that the cow might attack him if he handled the calf. He could have easily and temporarily secured the cow to protect against the danger. Plaintiff's conduct was based on his years of experience with cows and calves. He knew or should have known that any handling of the newly-born calf without securing the cow could possibly provoke her to attack him when he put the calf down.
Plaintiff's conduct, unlike Rozell's, must be deemed to be unreasonable and a substantial cause of his injury. Rozell's conduct, under comparative negligence, might *791 not have been deemed reasonable. See Turner v. New Orleans Public Service, Inc., 476 So.2d 800 (La.1985).
Any recovery of damages by plaintiff on remand shall be reduced by his 80 percent fault, which we hereby decree and allocate to him.
The judgment of the trial court is reversed insofar as it rejects plaintiff's demands against his daughter and son-in-law. Judgment in that respect is rendered against them and in favor of plaintiff, allocating to him 80 percent of the fault. Costs, here and below, are assessed against those defendants. The case is remanded for further proceedings in the event plaintiff desires to pursue a money judgment against his daughter and son-in-law, against whom 20 percent of the fault is hereby allocated.
Insofar as the judgment, in part, rejects plaintiff's demands against the homeowners insurer, the judgment in that part is affirmed, at plaintiff's cost.
REVERSED IN PART AND RENDERED, AFFIRMED IN PART AND REMANDED.