599 So.2d 447 (1992)
Thelma TUCKER, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Defendant-Appellee.
No. 23504-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
Piper and Associates by Ramona L. Emanuel, Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Theodore J. Casten, Shreveport, for defendant-appellee.
Before MARVIN, SEXTON and BROWN, JJ.
MARVIN, Chief Judge.
In this action arising out of a house fire that caused the death of the three-year-old granddaughter of the homeowner, the mother of the victim appeals a summary judgment in favor of the homeowner's insurer whose policy excluded from liability coverage, damages which might be owed to the homeowner's "relative" or "person under the age of 21 in the care of the named insured" who is a "resident of [the homeowner's] household."
There are no genuine issues of fact material to the coverage question. CCP Arts. 2082 and 966(B). We affirm for these reasons:

FACTS
Katia Tucker was born to Thelma Tucker on May 2, 1986. The father's name was not shown on the birth certificate. Katia's *448 mother, and Katia after birth, resided with Katia's maternal grandmother, Shirley Johnson, at 2519 West College in Shreveport. In April 1988, Ms. Tucker went to California and enrolled in a clerical training program, leaving Katia living with her grandmother. After Ms. Tucker left for California, Mrs. Johnson changed residences, moving herself, her belongings and Katia to 2611 Quinton Street in Shreveport.
In California Ms. Tucker initially resided in the school dormitory. In August 1988, Katia visited her mother for two weeks. After obtaining employment, Ms. Tucker moved to an apartment in February 1989, but allowed Katia to remain with her grandmother because Ms. Tucker was working a night shift and could not find child care.
Shortly before the fatal fire in Shreveport, Ms. Tucker began working a day shift and seeking child care for her daughter. On November 9, 1989, the day before the fire, Ms. Tucker arranged a later date for Katia to be evaluated for placement in a California child care tutorial program.

SUMMARY JUDGMENT
A motion for summary judgment should be granted only if the pertinent documents show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. Summary judgment is warranted only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the undisputed facts before the court. Any doubt must be resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
The liability section of the grandmother's homeowner's policy does not cover bodily injury or death to the named insured or any insured within the meaning of part a. or b. of the definition of insured. The policy's definition of "insured" is:
[Y]ou and, if residents of your household:
a. your relatives;
b. any person under the age of 21 who is in the care of a person described above.
Ms. Tucker's affidavit and that of a friend, which were filed in opposition to summary judgment, detailed the relationship between Ms. Tucker and Katia, asserted the temporary nature of the arrangement with the grandmother regarding Katia's care, and Ms. Tucker's intent that the child join her as soon as possible in California.
Supporting its motion for summary judgment with depositions of Ms. Tucker and Mrs. Johnson, the insurer nonetheless concedes Ms. Tucker did not intend that Katia permanently stay with Mrs. Johnson but intended to have Katia join her as soon as possible in California.
The trial court entered summary judgment for State Farm. We emphasize the trial court's reasons:
While it appears that the child was a resident of [the grandmother's] household and as such an insured under State Farm's policy, the trial court cannot, as required by [Andrade v. Shiers, 516 So.2d 1192 (La.App. 2d Cir.1987), appeal after remand, 564 So.2d 787 (La.App. 2d Cir.1990), writ denied, 567 So.2d 1128 (La.1990)] determine, based on affidavits and depositions what "all of the facts of [this] case" are as concerns the intentions of the persons involved.
Katia was, however, and there is apparently no dispute as to this, clearly a relative and a person under the age of 21 in the care of the named insured.... Therefore, she was a named insured. Accordingly, the motion for summary judgment must be granted.
The issue in Andrade, supra, centered on the intent of a 70-year-old father of the wife of the homeowner.

RESIDENCE V. DOMICILE
The legal domicile of Katia at age three, of course, was that of [her] mother (CC Art. 39). CC Art. 38 recognizes that a person may reside alternately in several places and that domicile [the principal establishment or residence] is determined by *449 intent, either expressly declared (Art. 42) or dependent upon the circumstances [of the individual case]. Art. 43. Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965); Menard v. Zeno, 558 So.2d 744, 747 (La.App. 3d Cir. 1990), writ denied.
Deciding that Ms. Tucker's intended domicile and residence was in California before and on the date of the fatal fire in Shreveport, does not resolve whether Katia was a resident of her grandmother's household under the care of "a person" who is insured by the policy. Residency is distinct from and not synonymous with domicile. CC Art. 38. A "temporary" stay in a relative's home does not negate a minor's residency with parents. Taylor, Menard, cited supra.
A wife who is legally separated from her husband may yet be a resident of the former marital home and thus an insured against liability, where the husband continues to live in the former marital home, even though the wife moves into another "residence," if the circumstances warrant the conclusion that her other "residence" is temporary. See Bearden v. Rucker, 437 So.2d 1116 (La.1983).
"Attachment" to a group or to a person, rather than to a building is the correct inquiry for determining residence with respect to insurance coverage. Whether a living arrangement renders persons "residents of [the same] household" for the purposes of insurance coverage is not solely dependent upon being under the same roof. Bearden, supra; Andrade, supra. The word "resident" is uncertain and equivocal, ambiguous, elastic or relative. Its meaning is governed by the connection in which it is used, and depends on the context, the subject matter, and the object, purpose, or result designed to be accomplished by its use, and its meaning is to be determined from the facts and circumstances in each particular case. Bearden, supra, at p. 1120, citing Louisiana cases and Mathis v. Employers' Fire Ins. Co., 399 So.2d 273 (Ala.1981).
Except for the two-week visit with her mother in the California dormitory approximately 15 months before her death, Katia had resided all of her life with her grandmother in Shreveport. After the California visit, Katia continuously resided with her grandmother.
Katia's residency with her grandmother was established shortly after Katia's birth and was not initially "temporary" as was the wife's residency after the separation in Bearden, supra, or as was each child's residence with another person or relative in Taylor or Menard, cited supra. In this sense, Katia had been residing with or "attached" to and under the care of her grandmother for all of her life.
Giving effect both to the fact that Ms. Tucker's demonstrable intention before the fire was to move Katia from Louisiana to California as soon as possible (when arrangements for day shift work and day care had been accomplished) and to the legal principle that after Ms. Tucker reached this intent, Katia, for some purposes, had her principal residence or domicile with her mother in California, is not dispositive of the coverage issue. Katia, or any person, may have more than one residence in some or different contexts. Manuel v. American Employers Insurance Company, 228 So.2d 321 (La.App. 3d Cir. 1969).
Katia continued to actually reside and remained under the care of her grandmother in her grandmother's residence in Shreveport, notwithstanding that sometime before the fire her mother intended that Katia's residence in Shreveport was "temporary' and was to end "as soon as possible." With respect then to her grandmother and for the purposes of determining liability coverage under her grandmother's insurance policy, Katia was a resident of her grandmother's home and was "a person under the age of 21 who was in the care" of her grandmother, the named insured, especially in the absence of her mother. The material facts which we have summarized and which support the summary judgment are not disputed.

*450 CONCLUSION
Each case involving "residency" for the purpose of insurance coverage should be resolved on its particular facts. See and compare cases cited supra.

DECREE
The summary judgment, at appellant's cost, is AFFIRMED.