605 So.2d 10 (1992)
Nelda June SMITH, Plaintiff-Appellant,
v.
Tom ROAN and State Farm Fire & Casualty Insurance Company, Defendants-Appellees.
No. 24003-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
Carl Rice & Associates by William F. Kendig, plaintiff-appellant.
Hayes, Harkey, Smith, Cascio & Mullins by Charles S. Smith, for defendants-appellees.
Before SEXTON, LINDSAY and BROWN, JJ.
BROWN, Judge.
In this tort action, plaintiff seeks damages from the owner of a German Shepherd. The owner of the dog had taken the animal to Rundell Veterinary Hospital for a routine visit. Plaintiff, as an assistant to the Veterinarian, held the dog while its nails were being clipped. The dog became agitated, its "head reared up and its teeth caught" plaintiff's upper lip causing the personal injuries involved in this litigation. The trial court found in favor of defendants and we affirm.

FACTS
An appellate court may not set aside findings of fact made by a judge or jury without first determining that those facts were manifestly in error or clearly wrong. The trial judge or jury is in a better position to evaluate conflicting testimony *11 and the credibility of the witnesses. Rosell v. ESCO, 549 So.2d 840 (La.1989); Smith v. American Indemnity Insurance Company, 598 So.2d 486 (La.App. 2d Cir. 1992); USF & G v. Hi-Tower Concrete Pumping Services, Inc., 574 So.2d 424 (La. App.2d Cir.1991), writs denied 578 So.2d 136, 578 So.2d 137 (La.1991).
We are not prepared to hold that the trial court committed error in its appreciation of the facts, which were as follows:
... He [defendant Tom Roan] stated that he brought the dog to the veterinarian twice a year. The visit of December 26, 1988 was a routine one during which the dog was vaccinated. Mr. Roan really did not see the incident because he had relinquished custody of the dog to the veterinarian.
and further:
... Ms. Smith [plaintiff] testified at trial that she had worked with dogs for eighteen years. Her work as a veterinarian's assistant began in November, 1988, approximately one month prior to the incident which preceded this lawsuit. She stated that she received instruction from her employer as to how to hold a dog during veterinary visits. Ms. Smith was aware that dogs are unpredictable and that they sometimes break the hold of one who restrains them during nail clipping. She admitted that she was not strong enough to restrain Mr. Roan's large dog but that she said nothing to her employer about it. The dog simply overpowered her as it had its nails clipped. As her grip loosened, the dog's head reared up and its teeth caught her upper lip, resulting in the injury.
LAW
The owner of an animal is answerable for the damage he has caused ... LSA-C.C. Art. 2321.
In Boyer v. Seal, 553 So.2d 827 (La. 1989), the court stated that "to recover under Civil Code Article 2321, the plaintiff is required to prove that the domestic animal causing her injury was owned by the defendant, that the animal created an unreasonable risk of harm, and that the damage occurred through this risk." (emphasis added). In strict liability, unlike negligence, the defendant may be liable whether or not he knew of the unreasonable risk of harm. The injured person does not have to establish the negligence of the owner. However, the principle that the person who has the guardianship and enjoyment of an animal should bear the cost of damage caused through the risks they create is balanced by the policy that a guardian should not be responsible for protecting against all risks. Thus, animal cases are not exempt from the unreasonable risk requirement imposed in other strict liability cases. Boyer v. Seal, supra.

DID THE DOG PRESENT AN UNREASONABLE RISK OF HARM
Central to the issue in this case is whether defendant's dog represented an unreasonable risk of harm to plaintiff. The supreme court in Boyer v. Seal, supra, stated that the criterion for determining whether a defendant has created or maintained an unreasonable risk of harm is a balancing of claims and interest, a weighing of the risk and gravity of harm, and a consideration of individual and societal rights and obligations. This risk-utility balancing test governs the determination of what is an unreasonable risk.
The plaintiff in Smith v. American Indemnity Insurance Company, 598 So.2d 486 (La.App. 2d Cir.1992), writ denied, 600 So.2d 685 (La.1992), was injured when thrown while horseback riding. The case was tried before a jury, which found that the horse did not present an unreasonable risk of harm to the plaintiff. Judge Lindsay, writing for the court, affirmed the judgment, noting that in some animal cases, the trier will not need the complex analysis of the risk-utility test in determining whether the risk created by the animal was unreasonable. See Boyer v. Seal, supra; Rozell v. Louisiana Animal Breeders Cooperative Inc., 496 So.2d 275 (La. 1986); Andrade v. Shiers, 564 So.2d 787 (La.App. 2d Cir.1990), writ denied, 567 So.2d 1128 (La.1990); Daniel v. Cambridge *12 Mutual Fire Insurance Co., 368 So.2d 810 (La.App. 2d Cir.1979), writ denied, 369 So.2d 1063 (La.1979). The court in Smith concluded that the jury was neither manifestly erroneous nor clearly wrong in finding that the horse did not pose an unreasonable risk of harm. In Smith the record established that plaintiff was an experienced horsewoman and that the horse had a quiet disposition.
Tested in the light of these principles, we find that defendant's dog under these circumstances did not present an unreasonable risk of harm. In the present case, plaintiff June Smith was an experienced dog handler who had worked with dogs for over eighteen years. Plaintiff also testified that she knew dogs were usually nervous and fidgety while having their nails clipped and that dogs were unpredictable and would sometimes break the hold of the person restraining them during the clipping procedure. It was also plaintiff's testimony that dogs have veins in their nails and striking a vein will cause the dog pain and discomfort. Ms. Smith related that she had previously been bitten while grooming dogs. Plaintiff admitted that it was possible that Dr. Rundell had struck a nerve or that the dog reacted out of nervousness to the presence of a stranger. Ms. Smith stated that Dr. Rundell, her employer, had instructed her as to the proper means of restraining a dog during the grooming process. It was also plaintiff's testimony that although the dog was fidgeting and causing plaintiff's grip to loosen, she did not ask Dr. Rundell to stop in order to get a better hold.
Both Dr. Rundell and Mr. Roan testified that the dog had been a patient at Rundell Veterinary Hospital for eight years and had never exhibited aggressive behavior. Mr. Roan stated that the dog had never bitten anyone. Dr. Rundell explained the proper method for restraining a dog during the clipping process, noting that it was not his practice to muzzle or sedate dogs for the procedure. Dr. Rundell also testified that it was not necessary for Ms. Smith to have her face close to the dog during the clipping process and that given her experience with animals, the plaintiff should have been able to avoid the injury.
Professor William E. Crawford commented in a law review article that "[U]nder Loescher [v. Parr, 324 So.2d 441 (La. 1975) ], it is obvious that the conduct of the animal must be deficient or unreasonable to support liability. It follows, therefore, that a dog bite in response to sufficient provocation would not be unreasonable canine conduct. One might speculate that a dog has a legally protected interest in dignity and freedom from provocation that could be roughly analogized to the privilege of self-defense in humans." 51 La. Law Rev., page 430.
Under the circumstances of this case, the trial court did not need the complex analysis of the risk-utility test to determine that the risk created by the dog's routine visit to the vet was not unreasonable. The utility of the vaccination and other care received from the vet certainly outweighed the gravity of the harm threatened. We conclude that the trial judge was not manifestly erroneous in finding that plaintiff did not carry her burden of proving that the dog presented an unreasonable risk of harm.
Further, the supreme court recognized in Loescher v. Parr, supra, that even if plaintiff carried its burden of proof, the guardian of the animal can still escape liability by showing that the damage was caused by the fault of the victim, by the fault of a third person or by an irresistible force. The facts here established that Mr. Roan took his dog to an experienced and qualified veterinarian. Dr. Rundell placed the dog on the examining table and proceeded to perform the professional services for which he was employed. Dr. Rundell had treated this animal for eight years and knew it to be gentle.
No negligence was shown on the part of the dog owner. The dog was under the complete control of Dr. Rundell who had the training and knowledge for the task. The possibility of being bitten under these circumstances was an occupational hazard in this type of business. The trial court *13 rejected plaintiff's factual description that the dog "viciously bit June Smith" and we do not find that ruling to be clearly wrong. We have also rejected plaintiff's contention that the dog's act as a matter of law required a finding of an unreasonable risk of harm. However, even if the dog had presented an unreasonable risk of harm, its owner has shown that the damage was caused by the intervening action of the veterinarian and victim.

DECREE
The trial court judgment in favor of defendants is AFFIRMED.