GAUDIN, Judge.
Appellants are Ronald Marchand and his 12-year-old daughter, Tanesha. The young girl was frightened by dogs and ran onto a street, where an automobile ran over her right foot.
The Marehands sued the dogs’ owner, Walter York, and his insurer, Allstate Insurance Company. Following a jury trial in the 24th Judicial District Court, jurors returned a verdict in favor of York and Allstate, finding that the dogs did not present an unreasonable risk of harm to Tanesha.
On appeal, the Marehands argue that the trial judge read an incorrect and misleading jury charge and that the jury erred in finding that the dogs did not present an unreasonable risk of injury.
Our review indicates that the trial judge’s charge was correct and that there is testimony and evidence supportive of the verdict. Accordingly, we affirm. In ruling for the defendants, the jury had to make a significant finding of fact, i.e., that while at least one of York’s two dogs barked, neither of the animals left the garage and actually chased Tanesha.
This incident occurred on January 22, 1989, a Super Bowl Sunday. York resided on Carlisle Street in Gretna and he was hosting a game-watching party in his garage.
In the garage along with York’s guests were his two Golden Labrador dogs. One weighed 80 pounds, the other 40. Both had been trained to bark at intruders but neither dog had ever bitten anyone. The dogs, described as friendly and well-behaved, were not on a leash or in any way confined.
Victor Honoré, who lived across the street from York, was one of the guests watching the Super Bowl. Tanesha, meanwhile, was in the Honoré residence visiting.
About 4:30 p.m., Victor’s wife asked Tane-sha to go across the street and ask Vic where the glue was. Tanesha crossed the street and approached the garage door. At least one of the dogs stood up and barked. The dogs had been on a rug in front of a couch, mostly sleeping.
York testified that he told Tanesha not to run because the dogs wouldn’t bite but she turned and fled. York said that the dogs just stood up and barked but did not chase Tanesha. Two party guests, Dominic Saladi-na and James McMillan, testified that neither dog left the garage or pursued Tanesha.
Honoré testified that the barking dogs did leave the garage and were halfway down the driveway when Tanesha was struck by the car. Edward Honoré, Victor’s mother, also said that the barking dogs did leave the garage and chase Tanesha into the street.
Tanesha, who was 15 years of age at time of trial, said:
“... before I went across the street ... I saw the dogs and I didn’t want to go across the street. So, that’s why I called across the street for my uncle and I heard someone say, ‘Come on over. The dogs don’t bite.’ So I went across the street and so, I went up the driveway and the dog jumped up and he started barking and that’s why I went, I turned around and I started running.”
Tanesha did not enter the garage. She “went up the driveway” toward the garage. She said that the barking dog — she only saw one dog although there were two in the garage — took a step forward. When asked if the dog ran after her, Tanesha replied: “I don’t think so.”
There were several vehicles parked in front of York’s residence. Tanesha ran in between two of the vehicles and continued onto the street, apparently without looking to her right or left for any approaching vehicles.
JURY CHARGES
Two requested charges are at issue here, referred to as “Requested Jury Charge No. 1” and “Requested Jury Charge No. 2.” Also, appellants contend that the trial judge erred in reading a definition of proximate *442 cause. The first requested charge is as follow:
“When a domesticated animal harms another, the owner of the animal is presumed to be at fault. The fault is in the nature of strict liability. The injured person need not prove the negligence of the owner. Liability arises solely from the legal relationship between the owner and the animal. The underlying reason for the owner’s liability is that, as between the owner who created the risk of harm and the innocent victim, the risk creator should bear the loss. The owner maintained the animal for his own use and pleasure.”
The trial judge instead read this charge:
“The Louisiana Civil Code Article 2321 provides in pertinent part; ‘The owner of an animal is answerable for the damage he has caused.’ Plaintiff must prove the following facts by a preponderance of the evidence: (1) that the dog was owned by the defendant, (2) that the dog created an unreasonable risk of harm to the plaintiff, and (8) that the dog’s behavior contributed to the plaintiffs harm. The risk of harm created by a dog’s behavior is unreasonable if magnitude of that risk outweighs the utility of the dog’s behavior.”
The trial judge’s charge correctly stated applicable law. See Boyer v. Seal, 553 So.2d 827 (La.1989), in which the Court stated:
“... a plaintiff, who has been injured by a domestic animal, must prove in order to recover damages from the animal’s owner under Louisiana Civil Code art. 2321, that the injury occurred through an unreasonable risk of harm created by the animal.”
What is and what is not an unreasonable risk of harm is a factual issue for a judge or jury to resolve. Here, this issue was fairly and adequately submitted to the jury by the trial judge’s charge.
Regarding the second requested jury charge, the trial judge deleted this language:
“The plaintiff is not required to prove that the animal was inherently dangerous or that the animals committed an aggressive act.”
Instead, the trial judge told the jury:
“Plaintiff is not required to prove that one of the dogs bit Tanesha. Plaintiff is only required to prove that the behavior of the dogs contributed to the harm she suffered.”
Although the trial judge did not read the exact language suggested by the Marchands, the charge given was straightforward and in line with Boyer v. Seal, supra. In Jones v. Liberty Mutual Ins. Co., 568 So.2d 1091 (La.App. 5 Cir.1990), this Court stated at page 1094:
“It is well established that adequate jury instructions are those which fairly and reasonably point up the issues and which provide correct principles of law for the jury to apply to those issues. In making his charges to a jury, a trial judge is not required to give the precise instructions submitted by either party but must give instructions which properly reflect the law applicable in light of the facts of the particular case.”
The trial judge did read a charge on proximate cause, saying:
“To prove proximate cause, the plaintiff must show that it is more likely than not true that the fault of the defendant played a substantial part in bringing about or actually causing the injury claimed by the plaintiff. The proximate cause of an injury is the primary or moving act or acts which produces the injury complained of by the plaintiff. Some direct relationship is required between the alleged conduct complained of and the resulting injuries. It is well settled in our law that unless an omission or act of commission can be shown to be a proximate cause of plaintiffs injury, it cannot be the basis of an award for damages.”
Appellants argue, in brief, that this language “hopelessly confused the jury.” We cannot say, however, that this wording was misleading or that the inclusion of a proximate cause charge was beyond the trial judge’s discretion. In fact, by advising the jury that there must be some direct relationship between the conduct complained of and the injuries likely helped the jurors decide if the barking dogs in the garage created an *443 unreasonable risk of harm, the primary issue before the jury.
RISK OF HARM
In this assignment of error, appellants contend that the unleashed dogs did constitute an unreasonable risk of harm (1) because of their size, (2) because of Tane-sha’s young age and (3) because the garage was so close to the street. Because of these risk factors and because of the likelihood of injury, appellants argue, the jury’s findings were manifestly wrong.
In deciding in York’s favor, the jury found that while at least one dog barked, neither dog chased Tanesha. An animal owner can’t be held strictly responsible for protecting against all risks. In Boyer v. Seal, supra, at page 834, the Court stated these guidelines applicable to animal owners:
“... it is thought that the guardian is in a better position to anticipate, detect, guard against, and insure against these risks, making him a better risk spreader and more efficient conductor of the deterrent effects of civil liability. A competing policy, however, is that the guardian should not be responsible for protecting against all risks; some risks are relatively too small to require him to protect others therefrom. Thus, if the unreasonable risk of harm principle were to be abolished in the cases involving liability for animals, these policies would tend to be defeated or at least not promoted and owners would be made insurers against loss from any risk, no matter how insignificant or socially tolerable the risk might be. We see no reason that animal owners should be treated less favorably than owners of buildings and guardians of inanimate things under strict liability conceptions of the Civil Code. Moreover, it would appear that doing so might undermine the principle’s application to strict liability under other del-ictual articles of the Code. Consequently, we conclude that the unreasonable risk of harm principle should be maintained in animal cases in the interest of the continued manageable and harmonious application of strict liability under the Civil Code.”
Considering these precepts, we cannot conclude that the jury erred in finding that Tanesha’s very unfortunate injuries were not the result of an unreasonable risk of harm. York’s dogs were not mean or vicious and there was no reason for them not to be in the garage with people.
Rather, it appears that Tanesha, who had never been bitten by a dog and who had been told that York’s dogs were not dangerous, reacted unreasonably to the barking dog.
In any event, our review shows that the jurors were properly charged and that the findings of the jury were supported by testimony, evidence and this state’s jurisprudence.
AFFIRMED.