|1STEWART, Judge.
Sandra Kay Boone sued Marvin Ricks, Tommy and Cheryl Ellingburg, and their respective insurance companies, alleging injury from a horse related accident. All defendants filed motions for summary judgment. The trial court denied Ricks’ motion [1] but granted summary judgment in favor of the Ellingburgs and Allstate. This appeal arises from that ruling. We affirm.
FACTS
The facts of this case are uncontested. On February 29, 1992, Boone, the Ellingburgs, Ricks, and others went horseback riding at a game reserve. Boone, an experienced equestrian, borrowed a horse belonging to the Ellingburgs. When the riders decided to rest, Boone dismounted and while retaining her grasp on the reins, allowed her mount to stand behind Ricks’ horse. The Ellingburg horse nudged the rear of Ricks’ horse. In response, Ricks’ horse kicked back, hitting Boone in the lower abdomen.
Boone sought medical treatment two days after the accident. She was told that she had been badly bruised and was required to spend three to six weeks in bed. After a ten week respite, Boone returned to her job. She continues to have occasional pain.
According to her deposition, Boone was aware that Ricks’ horse had been misbehaving on the day of the accident. Because of her experience with horses, she also knew that it was dangerous to stand within kicking distance of the back of a horse.
The trial court found that the Ellingburg horse was not the cause of Boone’s injury. The court reasoned that the simple act of nudging did not create an |2unreasonable risk of harm. Furthermore, Boone was in control of her mount at the time; therefore, any resulting injury was caused by victim fault. Finally, the court held that it was the independent and intervening act of the reactive kick that caused Boone’s injury.
SUMMARY JUDGMENT
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966.
A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Material facts are those which potentially insure or preclude recovery, affect the litigants’ ultimate success, or determine the outcome of a legal dispute. Barnett v. Staats, 25,357 (La.App. 2d Cir. 1/19/94) 631 So.2d 84; Security Nat. Trust v. Kalmback, 613 So.2d 664 (La.App. 2d Cir.1993).
The moving party has the burden of affirmatively showing the absence of a genuine issue of material fact. Any doubt as to whether a fact is material is to be resolved in favor of the non-moving party. Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983); Barnett v. Staats, supra. To meet his burden, the mover must show that the truth is self-evident and that there exists no real doubt as to the existence of any genuine issue of fact. Barnett v. Staats, supra.
Affidavits submitted in support of or in opposition to the motion shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967.
|3Once a motion for summary judgment has been made and supported, the adverse party may not rest on the mere allegations or denials of his pleadings, but must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue of material fact. Id. Once the mover files sufficient documentation to support his motion, the burden shifts to the opposing party *230 to prove the existence of material facts. Dement v. Red River Valley Bank, 506 So.2d 1329 (La.App. 2d Cir.1987).
In determining whether the mover has satisfied his burden of proof, the court shall closely scrutinize documents supporting the mover’s position, while treating opposing documents indulgently. Bradford v. Louisiana Downs, Inc., 606 So.2d 1370 (La.App. 2d Cir.1992).
The mere presence of a factual issue will not always defeat a motion for summary judgment. If the mover shows that he is entitled to judgment as a matter of law, a factual issue immaterial to his position will not defeat the motion. Bradford v. Louisiana Downs, Inc., supra.
Appellate courts review summary judgments de novo under the same criteria that govern the district courts’ consideration of whether summary judgment is warranted. McNeer Electrical Contracting, Inc. v. CRL, Inc., 621 So.2d 99 (La.App. 2d Cir.1993), Barnett v. Staats, supra.
The instance case lacks any factual dispute. Thus, the motion was properly granted if the Ellingburgs were entitled to judgment as a matter of law. In such cases, the determination of the existence of and violation of a duty are legal questions within the province of the trial judge. Bradford v. Louisiana Downs, Inc., supra. The trial court opined that the actions of the Ellingburg horse did not |4render the Ellingburgs strictly liable. For the following reasons, we agree with the ruling of the trial court.
STRICT LIABILITY
Boone alleged that the Ellingburgs are strictly liable, in accordance with LSA-C.C. Art 2321, for the actions of them horse and for Boone’s resulting injury. LSA-C.C. Art. 2321 provides:
The owner of an animal is answerable for the damage he has caused; but if the animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment.
As our Supreme Court pointed out in Boyer v. Seal, 553 So.2d 827 (La. 1989), the legal relationship liability imposed by Civil Code article 2321 does not create absolute liability. Instead, three criteria must exist to extend strict liability to an owner for the actions of his domesticated animal. Id. at 829. These requirements include ownership of the animal by the defendant, unreasonable risk of harm created by the animal, and damage occurring through this risk. Id. at 828.
To determine whether the animal’s behavior creates 'an unreasonable risk of harm, the trier of fact must apply the risk-utility analysis by balancing claims and interest, weighing the risk and gravity of harm, and considering individual societal rights and obligations. Id. at 835; Smith v. Roan, 605 So.2d 10, 11 (La.App. 2d Cir.1992). A full-blown risk-utility analysis is not necessary in cases where it is clear that the animal’s behavior does not present an unreasonable risk of harm. Boyer v. Seal, 553 So.2d at 835; Smith v. Roan, 605 So.2d at 11; Smith v. American Indemnity Insurance Company, 598 So.2d 486, 490 (La.App. 2d Cir.1992), writ denied, 600 So.2d 685 (La.1992); Rozell v. Louisiana Animal Breeders Cooperative Inc., 496 So.2d 275, 277 (La.1986); Andrade v. Shiers, 564 So.2d 787, 789-90 (La.App. 2d Cir.1990), writ denied, 567 So.2d 1128 (La. 1990). In fact, the jurisprudence rarely explores risk-utility to a great extent in animal owner liability cases. See Boyer v. Seal, supra (a cat’s rubbing against someone’s leg did not pose an unreasonable risk); Andrade v. Shiers, supra (domesticated cow who is accustomed to people is not unreasonably dangerous); Smith v. American Indemnity Insurance Company, supra (horse with an inherently gentle disposition, who once threw his rider, does not pose unreasonable risk of harm).
If it is determined that the animal posed an unreasonable risk of harm, the animal’s owner is presumed to be at fault and held strictly liable. The owner may, however, exculpate himself by showing that the harm was caused by victim fault, third party fault, or a fortuitous event. Holland v. Buckley, 305 So.2d 113, 119 (La.1974). The owner is also relieved of liability if there is an independent and intervening cause of harm. *231 Id.; Smith v. American Idem. Ins. Co., 598 So.2d at 489.
Here, the Ellingburg horse did not behave in such a manner as to be considered unreasonably harmful. , The horse merely nudged the tail of another horse; a practice common among horses. When the animal’s conduct is common or expected, there is no unreasonable risk of harm. The trial court was correct in finding that the simple act of nudging another horse created no unreasonable risk of harm to Boone.
Similarly, the trial court correctly held that Boone was at fault for allowing the Ellingburg horse to stand so close to another horse. As an experienced horsewoman, she was familial’ with horse behavior and should have been fully aware that she or the Elling-burg horse would get kicked. Moreover, it was Ricks’ |6horse and not the Ellingburg horse who actually injured Boone. This independent and intervening action further absolves the Ellingburgs from liability for their horse’s actions.
CONCLUSION'
For the foregoing reasons, the trial court did not err in granting the motion for summary judgment filed by Tommy and Cheryl Ellingburg. The case lacks genuine issues of material fact and the Ellingburgs are entitled to judgment as a matter of law. We affirm the trial court judgment.

. Marvin Ricks and Louisiana Farm Bureau Casualty Insurance Company settled with Boone after their motion for summary judgment was denied.