liGOTHARD, Judge,
concurring with reasons.
I concur in the majority’s holding that plaintiff failed to prove at trial that defendants breached their duty to act in a reasonable manner, and that therefore, defendants were not negligent in acting as they did. However, in her suit against defendants, plaintiff alleged both negligence and strict liability. The majority opinion fails to address strict liability. Because the trial court judgment does not reveal whether the trial court found defendants liable under negligence or strict liability, I believe that a proper review of this matter warrants discussion regarding strict liability.
STRICT LIABILITY
Initially, it must be noted that the matter before us is res nova, in that it is not a case where an individual’s pet caused injuries to an innocent third party. This case involves the use of a police dog to search the scene of a possible crime in progress — a dark, unfamiliar and seemingly uninhabited business. Flex, the dog in question, was used only after several warnings were called out and unanswered. Moreover, Flex, as a police dog, is trained to use a certain amount of force to apprehend suspects.
Lin Louisiana, strict liability is founded on LSA-C.C. art. 2317, which provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
[[Image here]]
Art. 2321. Damage caused by animals
The owner of an animal is answerable for the damage he has caused; but if the *1390 animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment.
To prove liability under article 2317, plaintiff need not allege negligence, but must show: (1) the thing which caused the damage was in the care and custody of the defendant; (2) the thing had a vice or defect that created an unreasonable risk of injury to another; and (3) the defect caused the injury. 2304 Manhattan Blvd. Partnership v. Louisiana Power & Light Co., 643 So.2d 1282, 1285 (La.App. 5 Cir.1994) (citations omitted).
To recover under article 2321, plaintiff must prove the following facts by a preponderance of the evidence: (1) that the dog was owned by the defendant, (2) that the dog created an unreasonable risk of harm to the plaintiff, and (3) that the dog’s behavior contributed to the plaintiffs harm. The risk of harm created by a dog’s behavior is unreasonable if the magnitude of the risk outweighs the utility [sof the dog’s behavior. Marchand v. York, 624 So.2d 440, 442 (La.App. 5 Cir.1993), writ denied, 629 So.2d 1180 (La.1993).
In Boyer v. Seal, 553 So.2d 827 (La.1989), the Louisiana Supreme Court held that the criterion for determining whether a defendant has created or maintained an unreasonable risk of harm is a balancing of claims and interests, a weighing of the risks and gravity of harm, and a consideration of individual and societal rights and obligations. The principle that the person who has the guardianship and enjoyment of an animal should bear the cost of damage caused through the risks it creates is balanced by the policy that a guardian should not be responsible for protecting against all risks. Thus, animal cases are not exempt from the unreasonable risk requirement imposed in other strict liability cases. Smith v. Roan, 605 So.2d 10,11 (La.App. 2 Cir.1992), citing Boyer, supra.
The judicial process involved in deciding whether a risk is unreasonable under strict liability is similar to that employed in determining whether a risk is unreasonable in a traditional negligence problem, and in deciding the scope of duty or legal cause under the duty/risk analysis. Lynch v. Hanover Ins. Co., 611 So.2d 121, 123 (La.App. 5 Cir. 1992), writ denied, 613 So.2d 996 (La.1993) (citations omitted).
In order to properly address the issue of strict liability, and whether or not the defendants created or maintained an unreasonable risk of harm to plaintiff, a review of what was known to the deputies prior to instituting the search is imperative. The undisputed testimony and evidence in the record shows that at the time Deputy Himel noticed the opened front door at 3234 Metairie Road, it was approximately 1:00 a.m., the building was clearly marked as a business, and |4the front door showed signs of forced entry.[1] The deputies had more than enough objective evidence to believe that a burglary was in progress.[2] Further, testimony revealed that the business showed no signs of habitation, was dark, and was unfamiliar to either deputy. Therefore, at the time of the incident, the utility in using Flex to help search the premises was very high. At the same time, the risk that Flex would apprehend an innocent third party was very low, especially considering that Deputy Long gave several warnings before releasing Flex, and, once the search was underway, there was nothing inside to lead Deputy Long to believe that innocent persons were inhabiting the business.
After a thorough review of the record, I cannot find any evidence that the defendants created or maintained an unreasonable risk *1391 of harm to plaintiff by utilizing Flex to help search the business. Therefore, I believe that not only were the defendants not negligent in acting as they did, they also cannot be found strictly hable for plaintiffs injuries.
For these reasons, I agree that the trial court judgment should be reversed.

. In fact, John Lapouble, the owner of the business, testified at trial that the front door showed signs of forced entry because he had broken in to his business four or five times prior to the incident when he forgot his key at home.

. Indeed, they would have been derelict in their duties had they not investigated further.