925 So.2d 12 (2005)
James BERRYHILL
v.
ENTERGY NEW ORLEANS INC., a/k/a Entergy Corp., a/k/a Entergy Co., a/k/a Entergy Inc., Allstate Ins., Irvin Lewis, Jean Lewis, Hazel Berryhill, and XYZ Manufacturer and ABC Insurance Co.
No. 2005-CA-0005.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 2005.
Writ Denied February 10, 2006.
*13 Tamara Kluger Jacobson, and Robert G. Harvey, Sr., Jonathan M. Walsh, New Orleans, LA, for Plaintiff/Appellant.
Carter B. Wright, Eugene G. Taggart, John J. Zvonek, Taggart, Morton, Ogden, Staub, Rougelot, & O'Brien, L.L.C., New Orleans, LA, for Defendant/Appellee, Entergy New Orleans, Inc.
*14 Kris P. Kiefer, Kiefer & Kiefer, Metairie, LA, for Alvin Lewis, Jean Lewis and Hazel Berryhill.
Christopher E. Lozes, Lozes & Ponder, Mandeville, LA, for Allstate Insurance Company.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, and Judge DENNIS R. BAGNERIS SR.).
CHARLES R. JONES, Judge.
The Appellant, James Berryhill, appeals an adverse district court judgment, which determined that he was a resident of his mother's house, thus barring his recovery under a homeowner's policy. For the reasons that follow, we affirm the district court's judgments dismissing the claims of James Berryhill against all defendants.

FACTS AND PROCEDURAL HISTORY
This suit arises out of physical injuries sustained as a result of a gas explosion. On December 2, 2000, the Appellant James Berryhill suffered injuries from an explosion after he attempted to light a space heater at the home of his mother, Hazel Berryhill, at 1033 Alvar Street in New Orleans. At the time, he lived with his girlfriend, Carol Wharton, at 2507 Piety Street. He went to his mother's house to bathe because the hot water heater was not working at their home on Piety Street.
Mr. Berryhill filed suit on November 9, 2001, against Entergy; Allstate Insurance Company (hereinafter, "Allstate"), as the issuer of the homeowner's insurance policy; and Irvin Lewis, Jean Lewis, and Hazel Berryhill, as co-owners of the residence on 1033 Alvar Street.
On October 10, 2002, Allstate filed a Motion for Summary Judgment, alleging that Mr. Berryhill could not make a claim against the policy because he was insured as a resident under the policy. A provision in Ms. Berryhill's homeowner's policy excludes bodily injury claims against Allstate from those who are "residents" of the home. Mr. Berryhill argued that he was not a resident of his mother's home at the time of the incident; therefore, he should be subject to coverage under the policy. The Motion was denied.
On June 15, 2004, Mr. Berryhill and Allstate agreed, with the consent of the trial court, to bifurcate the trial of this matter and presented testimony and evidence solely regarding whether Mr. Berryhill was a resident at 1033 Alvar Street at the time of the incident. The district court found on October 29, 2004, that, for the purposes of the homeowner's policy, Mr. Berryhill maintained dual residency on the date of the subject accident, one of which was 1033 Alvar Street. The court also ruled that the policy provision, which precludes coverage for insureds' bodily injuries, applied to this incident.
On June 16, 2004, Entergy filed a Motion for Summary Judgment, alleging that they were not negligent in providing gas service on the day of the incident. At the time of the incident, Entergy New Orleans, Inc. (hereinafter, "Entergy") provided natural gas to the residence at 1033 Alvar Street. Entergy's records show that the only report of an underground gas leak within that block of Alvar Street had been repaired approximately one year prior to December 2, 2000. Entergy was not aware of a gas leak near the residence at the time of the explosion and was not called to the scene of the explosion. Moreover, the Appellant's expert testified that he did not find any evidence of a gas leak. The district court granted Entergy's Motion for Summary Judgment on November 15, 2004.

*15 DISCUSSION
Mr. Berryhill argues two assignments of error in this appeal: 1) the district court erred in ruling that he was a resident of 1033 Alvar Street and as such, precluded him his recovery from the Allstate Homeowner's policy; and 2) the district court erred in granting the Motion for Summary Judgment in favor of Entergy New Orleans, dismissing his claims against it. For the following reasons, we affirm both judgments of the district court, which dismissed Mr. Berryhill's claims against all defendants.
Regarding the Appellant's first assignment of error, we must review the district court's finding for manifest error on the issue of whether Mr. Berryhill was a resident of his mother's house.
It is well settled that a court of appeal may not set aside a district court's or jury's finding of fact unless it is manifestly erroneous or clearly wrong; and, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, et al., 549 So.2d 840, 844 (La.1989), citing Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
The phrase "resident of the same household," as used in insurance policies, has no precise meaning. Palermo v. Audubon Ins. Co., 96-887 (La.App. 3 Cir. 2/5/97), 689 So.2d 589, 593. Whether someone is a resident "is to be determined from the facts and circumstances taken together in each particular case." Bearden v. Rucker, 437 So.2d 1116, 1120 (La. 1983), quoting Mathis v. Employers' Fire Insurance Company, 399 So.2d 273, 275 (Ala.1981). Residency is a matter of intention and choice, and not necessarily physical location. Bearden, 437 So.2d at 1122. The intention of a person to be a resident of a particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in the light of his conduct and the circumstances of his life. Andrade v. Shiers, 564 So.2d 787 (La.App. 2 Cir. 6/20/90). Thus, the issue of being a resident of a household is not solely dependent upon being under the same roof. Tucker v. State Farm Fire and Cas. Ins. Co., 599 So.2d 447 (La.App. 2 Cir. 5/13/92). Additionally, a person may have more than one residence. Taylor v. State Farm Mut. Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965).
Mr. Berryhill argues that the district court erred in finding that he was a resident of 1033 Alvar Street on December 2, 2000, thus precluding recovery from the Allstate homeowner's policy. We disagree.
It is uncontested that Mr. Berryhill was living with Ms. Wharton at 2507 Piety Street at the time of the incident and that he had been for six months prior to the incident. He slept there, ate there, and kept most of his belongings there. Mr. Berryhill testified that he visited his mother at 1033 Alvar Street often and was visiting on December 2, 2000, to take a hot bath because the hot water heater at his Piety Street address was broken. Allstate agrees that Mr. Berryhill was a resident of 2507 Piety Street, but argues that he maintained dual residency at that address and at his mother's residence. See Taylor, 248 La. 246, at 259, 178 So.2d 238, 243. We agree.
The district court was reasonable in concluding from the evidence that Mr. Berryhill resided at 2507 Piety Street with the intention of remaining a resident at 1033 Alvar Street. He used the Alvar Street address on all of his Medical Center of Louisiana records on the day of the accident; he provided the Alvar Street address *16 on job applications, unemployment compensation forms, and his State Identification Card; he maintained personal belongings at the Alvar Street address; and he received mail at the Alvar Street address. From both Mr. Berryhill's and his mother's testimony, the district court found that he chose to maintain residency at 1033 Alvar Street so that in the event his relationship with Ms. Wharton did not work out, he could move back home. This had been a pattern after his prior relationships ended. Finally, Mr. Berryhill testified that he could get a key to his mother's house at any time and his mother testified that he was welcome to move home at any time. Thus, the district court concluded that Mr. Berryhill had never truly moved out of his mother's home.
Mr. Berryhill relies on Scott v. Glenn in support of his argument that he was not a resident of his mother's house. In Scott, this Court held that major children with clearly established separate permanent residences are not residents of their parents' household. Scott v. Glenn, 408 So.2d 1167 (La.App. 4 Cir. 12/30/81). We also found that a woman who had married and moved to Italy was not a resident of her parents' home. Even though she had lived with them prior to her marriage, she was only visiting them temporarily at the time of the incident. The case sub judice is distinguishable because Mr. Berryhill was not married to Ms. Wharton and had not clearly established a separate permanent residence. In fact, he had given his mother's address as his own to the hospital on the very day of the incident. This was a "time not suspicious" because he was probably concerned with his medical treatment, not whether he is a resident of the address for insurance purposes. See Andrade, 564 So.2d at 789.
Based on the record, we find no indication that the district court's judgment was manifestly erroneous or clearly wrong. Mr. Berryhill was a resident of 1033 Alvar Street on December 2, 2000, thus precluding his recovery from the Allstate homeowner's policy, and we therefore AFFIRM the district court judgment.
Regarding Mr. Berryhill's second assignment of error, we must review de novo the district court's decision to grant the Appellee's, Entergy of New Orleans's, Motion for Summary Judgment.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Summary judgment is favored in Louisiana law. La. C.C.P. art. 966(A)(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, scrutinized equally, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966(B).
The burden of proof remains with the mover. Board of Assessors of the City of New Orleans v. City of New Orleans, XXXX-XXXX, p. 8 (La.App. 4 Cir. 9/25/02), 829 So.2d 501, 506. If the moving party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). A fact is material if it is essential to the plaintiff's cause of action under the applicable theory of recovery and if, without the establishment of the fact by a preponderance of the evidence, plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or *17 determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir. 12/15/92).
In his second assignment of error, Mr. Berryhill argues that the district court erred in granting the Motion for Summary Judgment in favor of Entergy New Orleans, dismissing his claims against it.
Specifically, Mr. Berryhill finds error in an affidavit by Entergy's Director of Gas Operations, Perry Dufrene, which supported Entergy's Motion for Summary Judgment. Mr. Berryhill claims that the affidavit states, "where the accident occurred took place on December 3, 1999 at 1031 Alvar Street," and argues that it is factually wrong because the incident took place on December 2, 2000 at 1033 Alvar Street. This is neither a clerical error nor an issue of negligence on Entergy's part; it is a misreading of the affidavit by the Appellant. Read as a whole sentence, the affidavit states:
"ENOI's gas department records show that the only report of an underground leak on ENOI's gas utility facilities within the block of Alvar St. where the accident occurred took place on December 3, 1999 at 1031 Alvar St. The leak was fully repaired by December 7, 1999."
Ultimately, Mr. Dufrene testified that Entergy had no record of a gas leak at 1033 Alvar Street on December 3, 2000.
Mr. Berryhill also finds summary judgment for Entergy inappropriate because Jean Lewis, Mr. Berryhill's sister who lived in the house adjoining 1033 Alvar, testified that there was a "leak in the middle of the street right in front of her door and they [dug]." Ms. Lewis did not know when this repair took place. Also, Ms. Berryhill testified that "the block was smelling full of gas." However, Entergy has no record of repairing a leak near 1033 Alvar Street except for one that had been repaired on December 7, 1999, a year prior to the incident. More importantly, the Appellant's expert found no evidence of a gas leak or accumulation of gas underneath the house, thus negating Entergy's alleged negligence. The statements by Ms. Lewis and Ms. Berryhill are not conflicting as to the date of the repair. Therefore, they do not raise a material issue of fact that would preclude summary judgment.
Therefore, we find that Mr. Berryhill's second assignment of error lacks merit and we affirm the district court's granting of summary judgment.

DECREE
For the foregoing reasons, we affirm both judgments of the district court, which dismissed James Berryhill's claims against all defendants.
AFFIRMED.