971 So.2d 1078 (2007)
PARKVIEW BAPTIST CHURCH AND SCHOOL and Church Mutual Insurance Company
v.
Jordan WHITE and Lam D. Hoang.
No. 2006 CA 2411.
Court of Appeal of Louisiana, First Circuit.
September 19, 2007.
*1079 James Ryan, III, Timothy T. Roniger, Carroll Devillier, Jr., New Orleans, for Plaintiffs/Appellants Parkview Baptist Church and School and Church Mutual Insurance Company.
Shannon Howard-Eldridge, Kathleen C. Marksbury, New Orleans, for Defendant/Appellee Farmers' Insurance Exchange.
Before: GAIDRY, MCDONALD and MCCLENDON, JJ.
MCDONALD, J.
This case arises out of a vandalism incident at Parkview Baptist School that occurred on July 7, 2002, when a group of teenagers entered the school and caused extensive damage. Parkview Baptist Church and School and its insurer, Church Mutual Insurance Company, thereafter sued the teenagers and their parents to recover for the damages. Included among the defendants were sixteen-year-old Kyle Antee, his father, Kenneth Wayne Antee, and Mr. Antee's homeowners insurance company, Farmers' Insurance Exchange.
Farmers' Insurance Exchange filed a motion for summary judgment, asserting that the school vandalism by Kyle Antee was not covered, based on the intentional acts exclusion in the policy that applied to all residents of Mr. Antee's household; thus, it had no duty to defend the Antees. The trial court granted Farmers' Insurance Exchange's motion for summary judgment. Parkview Baptist Church and School and Church Mutual Insurance Company appeal that judgment, asserting that Kyle Antee was staying with a girlfriend and/or planning to live with his mother at the time of his deposition, and was merely a visitor at his father's home at the time of the vandalism.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
When the term "resident" is not defined in the policy it has been noted that the term has no absolute or precise meaning. We must, then, endeavor to ascertain the intent of the parties in accordance with the general, ordinary, plain and popular meaning of the term, unless it has acquired a technical meaning. Whether a person is or is not a resident of a particular place is a question of law and fact and is to be determined from the facts of each particular case. Our jurisprudence recognizes that the concept of residency is different from that of domicile. While a person has only one domicile, he may have several residences. Gedward v. Sonnier, 98-1688 (La.3/2/99), 728 So.2d 1265, 1270.
The intention of a person to be a resident of a particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in the light of his conduct and the circumstances of his life. Berryhill v. Entergy New Orleans Inc., XXXX-XXXX (La. App. 4 Cir. 8/3/05), 925 So.2d 12, 15, writ denied, 2005-2068 (La.2/10/96), 924 So.2d 168.

THE INSURANCE POLICY
The Farmers' Insurance Exchange policy provides as follows:
SECTION II: EXCLUSIONS

*1080 1. COVERAGE E  Personal Liability and Coverage F  Medical Payments to Others do not apply to "bodily injury" or "property damage":
a. which is expected or intended by one or more "insureds";
The policy further provides:
3. "Insured" means you and residents of your household who are:
a. Your relatives; or
b. Other persons under the age of 21 and in the care of any person named above.

ANALYSIS
Kyle Antee's parents were divorced on May 14, 1992 in Texas. The divorce decree named Terri Denise Antee, Kyle Antee's mother, as the "sole managing conservator" of Kyle Antee, and granted her "the sole legal right to determine the residence of the child." The decree named Mr. Antee "possessory conservator" of Kyle Antee, and granted visitation as agreed upon by the parties, with a structured visitation schedule if the parties failed to agree upon visitation. Further, the decree granted Mr. Antee "the duty of care, control, protection and reasonable discipline of the child during periods of protection."
At the time Kyle Antee participated in vandalizing Parkview Baptist School he was living with Mr. Antee.[1] In his deposition, taken December 11, 2003, Kyle Antee testified as follows:
Q. Now, how long have you been living with your dad?
A. I, like, live with my mom one year, live with my dad the next year. It's on and off.
Q. In July of 2002, where were you living?
A. With my dad.
Q. And that's on Parkview?
A. Yes, sir.
Essentially, Parkview Baptist Church and School and Church Mutual Insurance Company argue that Kyle Antee's mother had sole custody and his father had only visitation, thus he could not have been a resident of his father's house. However, under the facts and circumstances of this case, where Kyle Antee rotated living with one parent and then the other, it is clear he was a resident of his father's house rather than a mere visitor. The fact that he was planning to move again at the time of his deposition does not change the facts of the case at the time of the vandalism.
After a de novo review of the record, we find no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law that Kyle Antee was a resident of Mr. Antee's house at the time of the vandalism incident at Parkview Baptist School. Thus, the trial court judgment is affirmed. The appellants, Parkview Baptist Church and School and Church Mutual Insurance Company, are cast with costs.
AFFIRMED.
NOTES
[1] Further, the record shows that, in Mr. Antee's memorandum in support of his motion for summary judgment, he stated "On July 7, 2002, Kyle Antee was residing at his father's residence in Baton Rouge, Louisiana at the sole discretion of Terri Denise Antee."